**DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, STATE OF TEXAS, Appellant,**

v.

**Jose Luis DOMINGUEZ, Appellee.**

No. 08–89–00187–CV.

Court of Appeals of Texas, El Paso.

Feb. 28, 1990.

Jim Mattox, Atty. Gen., Joseph A. Pitner, Asst. Atty. Gen., Tort Litigation Div., Austin, for appellant.

Susan Larsen, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The injured worker was awarded total and permanent benefits after a contested jury trial. We affirm.

The Appellee, Jose Luis Dominguez, was employed by the Texas Alcoholic Beverage Commission (TABC). He worked at a toll booth at the International Bridge separating the cities of Juarez, Mexico and El Paso, Texas, where he collected taxes due on liquor and cigarettes brought into Texas. This case, under the Texas Workers' Compensation Act, arose as a result of an alleged on-the-job injury when Dominguez fell and injured his tailbone, back and head. The jury found that Appellee was injured on January 31, 1987, while in the course and scope of his employment and such injuries resulted in total and permanent disability. The jury also found that Appellee had incurred medical costs in the amount of $6,218.75 which Appellant had failed to pay.

Point of Error No. One asserts the trial court erred in admitting into evidence the bill of Dr. Palafox.

Dr. Palafox's bill was marked as an exhibit, and the Appellant testified without

objection that the $5,000.00 plus bill of Dr. Palafox had not been paid.

Dr. Eduardo Hazarian, an orthopedic surgeon, testified that during the time Appellee was his patient, the Appellee was also seen and was treated by Dr. Palafox. He stated that Dr. Palafox performed conservative treatment on the Appellee, and that he had discussed Appellee's condition with Dr. Palafox. Before testifying, he had reviewed Dr. Palafox's records concerning the care and treatment of Appellee. Upon being shown Dr. Palafox's bill and reviewing it, he was then asked:

> [I]n your opinion ... the treatment contained in that bill for which Dr. Palafox charged was necessary treatment for the treatment of Mr. Dominguez' condition and further whether the amounts charged by Dr. Palafox were reasonable in amount for the services rendered?

Dr. Hazarian answered: "The answer is yes for both reasons." No objection was made by Appellant to the question, and no objection was made to the above answer.

Later, Dr. Palafox's bill was formally offered in evidence. At that point, the only objection was: "We object to it, Your Honor. We believe that the best sponsoring witness of Dr. Palafox' [sic] medical bill would be Dr. Palafox himself."

■ Medical bills may be admitted upon (1) a party's testimony that he did, in fact, receive such bills; and (2) testimony of a person with knowledge that the services were reasonable and necessary and the charges were usual and customary in the community. *Oil Country Haulers, Inc. v. Griffin*, 668 S.W.2d 903 (Tex.App.—Houston [14th Dist.] 1984, no writ).

■ Appellee testified that Dr. Palafox's $5,000.00 plus bill was unpaid without any objection being made by Appellant. Then, a qualified doctor, whose qualifications went unchallenged, testified that Dr. Palafox's treatments and charges for such treatment were both necessary and reasonable. This testimony also was admitted without objection.

The testimony concerning Dr. Palafox's bill had probative value even though the bill may have been hearsay since it was admitted without any objection by Appellant and was already before the jury. Therefore, the bill of Dr. Palafox also became admissible. Tex.R.Civ.Evid. 901(b) and 802.

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in refusing to reform the judgment to allow a credit for the amount of compensation that already had been paid to Appellee.

Point of Error No. Three asserts in the alternative that the trial court's finding of past compensation that was due the Appellee was against the great weight and preponderance of the evidence.

■ Appellee testified that he had received weekly compensation payments but that he did not know the dates nor the total amount of weekly compensation payments he had received. However, the Appellant contends that the judgment entered by the trial court did not give Appellant any credit for the compensation payments it had paid Appellee. Credit for payments made is an affirmative defense and must be properly pled and PROVED. *Old Republic Insurance Company v. Diaz*, 750 S.W.2d 807 (Tex.App.—El Paso 1988, writ denied).

Appellant did properly plead payment and the claim for credit for such payment. However, we find that Appellant did not satisfy its burden of proof as to number and amount of weekly payments. Appellant relied only on Appellee's testimony to support its credit for payments made, but Appellee's testimony was insufficient and inadequate to support a credit for payments made.

Points of Error Nos. Two and Three are overruled.

■ Point of Error No. Four asserts the trial court erred in imposing sanctions on Appellant for failure to produce the supervisor's notes in response to Appellee's discovery requests.

Approximately eight months prior to trial, the Appellee directed his Request for Production of Documents and Tangible

Things to the Appellant wherein he requested the production of: "7. The complete personnel file maintained by the employer regarding the employee, from the date of original employment to the present."

Ernesto Galvan was Appellee's supervisor and had the formal title of "Port Supervisor." He was required periodically to fill out an employee performance report on Appellee for the employer, Texas Alcoholic Beverage Commission. When the Appellant called Ernesto Galvan as a witness, it was discovered that there was attached to the performance reports on Appellee certain handwritten notes made by Ernesto Galvan concerning Appellee's job performance. The content of the notes overall were unfavorable to the Appellee. However, there was also attached written comments by the Appellee attempting to explain the job performance complaints. This information had not been disclosed pursuant to the discovery motion.

The Appellee moved for sanctions under Tex.R.Civ.P. 215 by requesting that the Appellant be prohibited from testifying or introducing records concerning Appellee's job performance. The trial court imposed sanctions by not allowing the undisclosed records to be admitted into evidence nor allowing the witness Ernesto Galvan to testify regarding the information contained therein.

We find no merit to Appellant's argument that Galvan's personal notes concerning Appellee Jose Luis Dominguez's work habits were not part of the official record and, therefore, it had no duty to inquire about the existence of Galvan's employee notes. The reason behind the making of the notes by Appellee's supervisor (Galvan) was to prepare the periodic employee performance reports for the employer. Such notes were retained in the office of the Appellant in El Paso. Appellant cannot assert that the personal notes made by Ernesto Galvan were not work related. The purpose of the discovery rules and the sanctions provided for non-compliance was to facilitate settlement and prevent trial by ambush. *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394 (Tex. 1989).

Appellant's own argument only gives strength to enforcement of the sanction rules. If this evidence was so important to Appellant as is now claimed, then all the more reason that the witness's notes should have been disclosed.

Rule 215(5) provides an automatic sanction by providing that the party who has failed to supplement his response to a request for discovery shall not be entitled present evidence which should have been disclosed or to offer testimony of a person having knowledge of discoverable material, unless good cause is shown by the offering party. The trial court did conduct a hearing, and the evidence showed that Appellee not only had no knowledge of the undisclosed documents, notes or memo, but that their disclosure during trial came as a surprise. We do not find that the trial court abused its discretion in finding the lack of existence of good cause for failure to comply with the discovery rules. Exclusion of the testimony was a proper and reasonable application of Tex.R.Civ.P. 215(5).

Point of Error No. Four is overruled.

Cross–Point of Error asks us to assess an additional award equal to ten percent of the judgment on the basis this appeal by Appellant is frivolous.

■ Tex.R.App.P. 84 provides for an award not to exceed ten percent the amount of damages against the appealing party if it is determined that Appellant has appealed without sufficient cause and or purposes of delay. We cannot say that the Appellant did not have grounds to believe that the case might not be reversed.

Appellee's Cross–Point of Error is overruled.

The judgment of the trial court is affirmed.