**In re Frank BRADEN and Bill Ehrhardt, Relators.**

No. 08–97–00224–CV.

Court of Appeals of Texas, El Paso.

Oct. 23, 1997.

Stewart W. Forbes, Michael G. McLean, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for Alfredo Chavez.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Justice.

This is an original proceeding in mandamus. The Relators, defendants joined in the underlying lawsuit for the purpose of piercing the corporate veil, seek a writ of mandamus to compel the Honorable Alfredo Chavez, to vacate his order imposing discovery sanctions. For the reasons stated below, we conditionally grant the requested mandamus relief.

## I. PROCEDURAL HISTORY

Plaintiff below, Sotera Pineira, filed suit on January 28, 1993, alleging she was injured while working at Alliance Health, Inc., d/b/a Valley Community Hospital. Her case went to trial in the 65th Judicial District on May 3, 1994, and the Honorable Edward Marquez signed the judgment awarding Pineira $20,-921.31 in damages on May 13, 1994. On March 15, 1996, Pineira filed a Third Party Petition, seeking to enforce judgment against Relators, Frank Braden and Bill Ehrhardt. On April 11, 1996, Ehrhardt filed a Special Appearance. On July 1, 1996, Pineira filed her First Request for Production in Aid of Judgment, First Set of Interrogatories in Aid of Judgment, and First Request of Admissions in Aid of Judgment. On September 19, 1996, Pineira filed her First Amended Petition to Pierce the Corporate Veil and Establish Alter Ego. On October 15, 1996, Relators filed a Special Appearance and a Motion to Dismiss for Lack of Jurisdiction. Judge Marquez held a hearing on November 15, 1996, and denied both motions on December 23, 1996. Pineira filed her Motion to Compel Answers to Discovery and for Further Imposition of Sanctions on May 16, 1997. On June 12, 1997, Honorable Alfredo Chavez[1] held a hearing on Pineira's Motion to Compel

Larry W. Wise, Martinec Hargadon & Wise, P.C., Austin, for Relator.

---

1. At the end of his term in office in 1996, Honorable Edward Marquez decided not to seek re-election. Effective January 1, 1997, Honorable Alfredo Chavez took office, succeeding Judge Marquez, in the 65th Judicial District Court.

Answers to Discovery and for Further Imposition of Sanctions. On June 20, 1997, Judge Chavez ordered Relators to turn over the requested records by July 2, 1997. In addition, without affording Relators an opportunity to comply with the Order Compelling Answers to Discovery, Judge Chavez ordered payment of attorneys' fees in the amount of $6,000. Relators then filed their Petition for Writ of Mandamus and Request for Stay on July 1, 1997. On July 8, 1997, this Court granted Relators' motion for leave to file petition for writ of mandamus to the extent it sought relief from the sanctions awarded by the trial court. This Court denied the motion to the extent it sought relief from the trial court's order requiring discovery responses because Relators failed to establish harm from which they have no adequate remedy. Further, this Court ordered the parties to limit their briefs to the issue of the propriety of the order granting sanction and the propriety of the amount of sanctions awarded.

## II. *DISCUSSION*

■ The relator bears the burden of providing the Court with a sufficient record to establish their right to mandamus relief. *See* Tex.R.App.P. 52.3 and 52.3(g).[2] Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

### A. *Clear abuse of discretion*

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). The appellate court should review the entire record, including the evidence, argument of counsel, the written discovery on file and the circumstances surrounding the party's alleged discovery abuse to determine if the trial court

abused its discretion in imposing the sanctions. *Jefa Co. v. Mustang Tractor and Equipment Co.*, 868 S.W.2d 905 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Furthermore, the court of appeals should look to the record to determine whether the case-determinative sanctions imposed by the trial court are "just". *Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex.1993). First, a direct relationship must exist between the offensive conduct and the sanction imposed. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. *Id.*

■ Moreover, when attorneys' fees are assessed as sanctions, no proof of necessity or reasonableness is required. *Miller v. Armogida*, 877 S.W.2d 361, 365 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Glass v. Glass*, 826 S.W.2d 683, 688 (Tex.App.—Texarkana 1992, writ denied); *Allied Assoc., Inc. v. Ina County Mutual Ins. Cos.*, 803 S.W.2d 799 (Tex.App.—Houston [14th Dist.] 1991, no writ). Likewise, proof of attorneys' fees expended, or the reasonableness thereof, is not required when such fees are assessed as sanctions. *Tjernagel v. Roberts*, 928 S.W.2d 297, 303 (Tex.App.—Amarillo 1996, no writ), *citing Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex.1984). The Supreme Court has expressly held "that the amount of attorney's fees awarded as sanctions for discovery abuse is solely within the sound discretion of the trial judge, only to be set aside upon a showing of clear abuse of that discretion. Rule 215 Tex.R.Civ.P." *Brantley*, at 504.

■ As noted above, the trial court held a hearing on Pineira's Motion to Compel Answers to Discovery and for Further Imposition of Sanctions on May 16, 1997. On June 20, 1997, Judge Chavez signed an order requiring Braden and Ehrhardt to turn over

---

**2.** Effective September 1, 1997, the Supreme Court amended and renumbered these rules from previous Tex.R.App.P. 121(F) and 121(a)(2)(C), respectively.

the requested records by July 2, 1997. Further, without affording Relators the opportunity to comply with the Order Compelling Answers to Discovery, Judge Chavez ordered payment of attorneys' fees in the amount of $6,000. The record before this Court clearly reflects that Relators were never afforded the opportunity to comply with the trial court's order to provide discovery on or before the July 2, 1997 deadline. To the contrary, Relators were monetarily sanctioned without the benefit of a hearing on reasons for their inability and/or refusal to comply with the trial court's order. We find the trial court abused its discretion in monetarily punishing Relators prior to the time the documents were to be produced.

### B. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, *quoting State v. Walker,* 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas § 1.4(1)(b) at 47 [2d Ed.1979] ). Furthermore, the imposition of monetary sanctions, such as attorneys' fees, is reviewable on appeal from a final judgment and, for that reason, is not subject to mandamus. *Tjernagel,* 928 S.W.2d at 303, *citing Susman Godfrey L.L.P. v. Marshall,* 832 S.W.2d 105, 108 (Tex.App.—Dallas 1992, orig. proceeding).

■ However, the Texas Supreme Court has noted three situations in the discovery context when an appeal is not an adequate remedy and when mandamus is proper. First, when the trial court erroneously orders the disclosure of privileged information that will materially affect the rights of the aggrieved party, such as documents protected by the attorney-client privilege, an appeal will not be an adequate remedy when the appellate court is unable to cure such error. *Walker,* 827 S.W.2d at 843. Braden and Ehrhardt have made no such complaint in the matter before us.

Second, when the trial court disallows discovery and the missing discovery cannot be made part of the appellate record, thereby precluding appellate review, mandamus is a proper remedy. *Id.* at 843. Braden and Ehrhardt are not contending that the trial court disallowed discovery.

■ Finally, where the party's ability to present a viable claim or defense is vitiated or severely compromised, appellate remedy may be inadequate. *Id.* Mandamus is a proper vehicle for review where the effect of the pretrial sanctions precludes a decision on the merits of a party's claim (the "death penalty"). *TransAmerican,* 811 S.W.2d at 918–20. Mandamus is likewise the proper vehicle for review where the monetary sanction is so severe that it threatens a party's continuation of litigation; appeal is an adequate remedy only if payment is deferred until final judgment when the party can supersede the judgment and perfect an appeal. *Braden,* 811 S.W.2d at 929. In the instant case, Braden and Ehrhardt do not contend that death penalty sanctions have been imposed. However, with respect as to whether the monetary sanction is so severe that it threatens a party's continuation of litigation, we note that under those circumstances, "the district judge must either

(1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or

(2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect.

The above procedure allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until an appealable judgment is rendered." *Id.*

The order imposing sanctions upon Braden and Ehrhardt reads:

> It is further ordered that Defendants pay attorneys fees and expenses in the amount of Six Thousand ($6000.00) Dollars, **forthwith**,[3] and that said Defendants produce all requested discovery materials as heretofore ordered....

According to BLACK'S LAW DICTIONARY 588 (5th ed.1979), the term "forthwith" means "immediately; without delay; directly; within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch." On its face, the order does not provide a date certain for compliance. Without a date that coincides with or follows entry of a final order terminating the litigation or findings by the trial court explaining why these sanctions do not have a preclusive effect, we conclude that Relators lack an adequate remedy by appeal and thus mandamus is proper.

We find the trial court's entry of sanctions, prior to an order compelling discovery, was a clear abuse of discretion. Furthermore, by failing to provide a date certain as to when the sanctions were payable and by failing to make express written findings as to why the sanctions do not have a preclusive effect, the trial court has effectively prevented the Relators' from having an adequate remedy by appeal.

We conditionally grant the Relators' petition for writ of mandamus. Nonetheless, we are confident the trial court will comply with this order, thus writ will not issue unless it fails to vacate the order of June 20, 1997, imposing sanctions in the amount of $6,000. In all other respects, Braden and Ehrhardt's petition for writ of mandamus is denied.

Our action on the motion for leave to file the petition for writ of mandamus does not, of course, determine any issue raised in the Relators' petition. *See Texas Dept. of Transp. v. Marquez*, 885 S.W.2d 456, 459 (Tex.App.—El Paso 1994, orig. proceeding); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259 (Tex.App.—Austin 1987, orig. proceeding). Moreover, in concluding that the Relators are entitled to a conditional writ of mandamus against the trial court, we do not comment on and certainly do not indicate approval or disapproval of any actions taken by the trial court to date in the underlying controversy.

---

**3.** Notwithstanding the definition of "forthwith" as reflected above, we strongly urge trial courts to clearly state a date certain for compliance with its orders.