### In re LAVERNIA NURSING FACILITY, INC. d/b/a Country Care Manor.

#### No. 04–99–00816–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1999.

Rehearing Overruled Feb. 2, 2000.

Delta Sue Best, Allison L. Spruill, Best & Associates, Austin, Raul A. Gonzalez, Locke, Liddell & Sapp, L.L.C., Austin, for Appellant.

Robert B. Thornton, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Ray Chester, Waylon L. Allen, Chester & Allen, L.L.P., Austin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

Relator, LaVernia Nursing Facility, Inc. d/b/a Country Care Manor (Country Care) brings this mandamus action to vacate the trial court's order that Country Care (1) produce personnel documents reflecting disciplinary warnings and/or counseling of its employee, Travis Moorhead, and (2) pay $10,000 in sanctions prior to a final disposition of the case. The trial court found any privileges to producing the documents had been waived. The trial court further found the monetary sanction was justified because of Country Care's misrepresentation to the court and opposing counsel that requested documents had been produced in full.

We deny the petition for writ of mandamus in part with respect to the trial court's order for production of documents and imposition of sanctions. We conditionally grant the petition in part to allow the trial court to modify its order to either declare that the monetary sanction is payable at the conclusion of the lawsuit or make written findings that the payment of sanctions at this time will not deny Country Care access to the court.

## Background

Prior to her death, Velma Buchanan was an elderly resident of Country Care nursing facility. Charlotte Alexander brought suit as Buchanan's heir against Country Care, alleging that Buchanan had been sexually assaulted by Travis Moorhead (Moorhead), a sixteen year old, unlicensed nurse aid employed by Country Care. In the course of discovery, Alexander propounded a request for production to Country Care seeking "the complete personnel file of Travis Moorhead."

Country Care objected, among other things, that the request was overbroad and it potentially sought information privileged by certain medical peer review committee privileges. Subject to its objections, Country Care produced what it characterized as the entire personnel file for Moorhead. The file contained no record of disciplinary warnings, counseling, or any other adverse personnel action. Suspicious that the file was not complete, Alexander filed a motion to compel. At a hearing before the Honorable Stella Saxon in April 1999, a number of disputed documents were presented to the trial court for in camera inspection and ruling on privilege. Country Care did not come forward with any documents reflecting disciplinary warnings or counseling records on Travis Moorhead. After the hearing, the following exchange was dictat-

ed into the record by plaintiff's counsel and defendant's counsel:

Plaintiff: Let's just do the agreements. Number eight, the parties have agreed that defendant is representing the entire personnel file of Travis Moorhead has already been produced, is that correct?

Defendant: That is correct. If additional documents surface in the future, which would be privileged, then defendants will comply with the procedures set forth in new civil rule of procedure 193 with respect to filing a [withholding] statement at which time plaintiff's counsel could have a right to request a privilege [log] and we would seek a ruling at that point. But as of this time, the entire personnel file has been produced.

Plaintiff: And if any documents come to light in the future that would be in response of this request, understood that we agree you would either promptly supplement them or—

Defendant: Yes, yes.

Plaintiff: —promptly follow those procedures, is that right?

Defendant: That's correct.

There is no dispute that Country Care was aware of documents reflecting disciplinary warnings and reprimands to Moorhead at the time its counsel represented the entire personnel file had been produced. Country Care argues, however, only certain records are required by statute to be included in an employee's personnel file and adverse disciplinary documents are not maintained in the "personnel file." Instead, these documents are stamped PRIVILEGED COMMITTEE INFORMATION and are kept under lock and key in a separate file under the auspices of Country Care's Quality Assurance Committee.

During her deposition in August 1999, Sharon Poarch, director of nursing for Country Care, revealed to Alexander for the first time that negative personnel records existed on Travis Moorhead. She could not remember the name of the committee that maintained those documents but she knew they were confidential and were not included in the "personnel file." She stated they were filed in the "confidential privilege committee file." Alexander then filed a Motion to Compel and For Sanctions which was heard by Judge Saxon on September 22, 1999. At the hearing, Julie Hetherington, Country Care's administrator, testified all adverse personnel documents were maintained by the disciplinary subcommittee of Country Care's Quality Assurance Committee. Country Care did not produce the documents for inspection at the hearing.

Judge Saxon did not reach the issue of privilege. She held the documents were properly part of the "personnel file" in spite of the fact they may have been privileged and kept in a separate location. Because Country Care agreed to produce Moorhead's entire personnel file and because the documents were not properly identified, objected to and produced for in camera inspection, any privilege was waived. Judge Saxon particularly noted the existence of the documents had not been revealed and the documents had not been produced for in camera inspection in April when most of the other discovery matters were reviewed and resolved. Judge Saxon then imposed $10,000 in sanctions payable within thirty days of the date of the order.

On September 27, 1999, Country Care finally submitted the disputed documents to Judge Saxon for in camera inspection and once again argued the documents were subject to a privilege that could not be waived by an attorney's conduct. On October 25, 1999, Country Care sent a letter to Judge Joseph H. Hart, who had then been appointed to preside over the remainder of the case, once again asserting its objections to producing the documents and complaining the requirement to pay $10,000 in sanctions while the trial was pending would impede Country Care's ability to

defend in the lawsuit. After a hearing on October 26, 1999, Judge Hart adopted Judge Saxon's order in its entirety. Country Care now brings this mandamus seeking to overturn the trial court's order that Country Care produce the documents and pay sanctions.

## Standard of Review

■■■■ To be entitled to mandamus relief, the relator must show the trial court abused its discretion and the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex.App.—Texarkana 1995, writ dism'd). In applying the abuse of discretion standard, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ). When an order requires the disclosure of information exempted from discovery, mandamus is appropriate because remedy by appeal is inadequate. *Walker,* 827 S.W.2d at 843.

## Discussion

### A. The request for production

Country Care challenges the production order on two grounds. First, it argues that Alexander never asked for disciplinary records or counseling reports. Second, it argues that these adverse employment records are protected by statutory privilege that cannot be waived by an attorney's misconduct.

### (1) The scope of the request

■■■ Alexander requested "the complete personnel file." Country Care objects that the request is not specific enough; Alexander should have defined "personnel file" or made a separate request for disciplinary

documents. *See Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex.1989). Country Care also claims adverse employee records are not required by statute to be kept in the official personnel file. *See* 40 TEX. ADMIN. CODE § 19.1920 (requiring personnel records to be accurate and contain sufficient information to support placement of the employee in the particular position). The trial court found disciplinary warnings, counseling reports and other adverse employment actions are ordinarily considered part of the personnel file.

The El Paso Court of Appeals has twice held a "personnel file" includes documentation of an employee's job performance, even if those documents are maintained in a separate location from the rest of the employee's file. *See Tri–State Wholesale Associated Grocers, Inc. v. Barrera,* 917 S.W.2d 391, 398 (Tex.App.-El Paso 1996, writ dism'd by agr.) (performance record is an item one would reasonably expect to find in personnel file); *Director, State Employees Workers' Compensation Division v. Dominguez,* 786 S.W.2d 68, 71 (Tex. App.-El Paso 1990, no writ) (supervisor's unfavorable handwritten notes were part of personnel file even though not kept in the official file). The Texas Administrative Code section cited by Country Care does not specify everything that may be kept in a personnel file; rather, it outlines the minimum requirements for that file.

■■■ We hold "the personnel file" means every record kept on the employee in question. The entire file may not be kept in the same location and not every document in the file may be discoverable. However, in considering the proper response to a request for production, the trial court properly found Country Care should not be able to effectively hide a portion of the personnel file or employment record by simply naming it something else. If Country Care had revealed the existence of the documents and made the proper objection, the question of privi-

lege would have been properly and timely before the trial court.

### (2) Loss of privilege

■ Country Care argues the disciplinary reports and counseling records are privileged under TEX.REV.CIV. STAT. ANN. art 4495b § 5.06 (Vernon Supp.1999)and TEX. HEALTH & SAFETY CODE ANN. §§ 161.031–.032 (Vernon 1992 & Supp. 1999), and the privilege cannot be waived by the conduct of counsel. We need not reach the issue of privilege to uphold the trial court's decision here.

■ TEX.R. CIV. P. 215 allows the trial court to impose appropriate sanctions for discovery abuse. "Orders that privileged documents be produced must be an option for discovery abuse, if the court correctly finds the abuse has waived or otherwise invalidated the privilege." *Occidental Chem. Corp. v. Banales,* 907 S.W.2d 488, 490 (Tex.1995). A party who seeks to exclude documents from production has an affirmative duty to plead the applicable privilege and then tender the documents for in camera inspection if necessary. *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635, 637 (Tex. 1985). Failure to comply with this procedure constitutes a waiver of any complaint of the trial court's action.[2] *See id.*

In this case, the trial court found Country Care did not simply assert a privilege with respect to these documents. Instead, Country Care concealed the existence of the documents and entered into an agreement on the record that dissuaded Alexander from pursuing a motion to compel with respect to Moorhead's employment rec-

ords.[3] Under these circumstances, the trial court did not abuse its discretion in ordering the documents produced. *See id.*

### B. Monetary sanctions

■ Country Care challenges the trial court's imposition of $10,000.00 in sanctions payable within thirty days of the trial court's order and prior to final disposition of the lawsuit. Ordinarily, monetary sanctions are not remediable by mandamus. *See* TEX.R. CIV. P. 215.2(b)(8), 215.3; *Braden v. Downey,* 811 S.W.2d 922, 928 (Tex. 1991) (adequate remedy by appeal exists for order of discovery sanctions). However, where monetary sanctions threaten the party's willingness or ability to continue the litigation, remedy by appeal is inadequate. *Id.* at 929. If a litigant contends that a monetary sanction precludes access to the court, the trial court must "either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) [make] express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect." *Id.*

■ Country Care contends the imposition of a monetary sanction at all is unwarranted because its only action was the good faith assertion of a privilege. In fact, the privilege was not properly asserted and Country Care's failure to follow the procedures available to challenge a discovery request impeded the discovery process. The trial court did not abuse its discretion by ordering monetary sanctions. *See* TEX.R. CIV. P. 215.2(b), 215.3; *Braden,* 811 S.W.2d at 929.

---

**2.** Under the new Rules of Civil Procedure, the party asserting privilege may note that it is withholding privileged material and if requested, prepare a privilege log. TEX.R. CIV. P. 193.2, 193.3. The party then has the opportunity to present evidence of the privilege and the court may determine if inspection is necessary. TEX.R. CIV. P. 193.4. Country Care's conduct failed to comply with the procedures for assertion of privilege under either the old rules or the new.

**3.** An agreement entered into by counsel and dictated into the record is binding under TEX.R. CIV. P. 11. Country Care should not be allowed to breach that agreement by contending that it did not agree to produce disciplinary records when it should have been clear to any reasonable person that Alexander was seeking all employment records, not just those that Country Care may have labeled the "personnel file."

Country Care argued to the trial court that the monetary sanction would preclude its ability to defend in the case and asked that the sanction be delayed to the end of the lawsuit, citing *Braden v. Downey.* Although Alexander urges us to find the penalty would not have such an effect, the trial court should be granted the opportunity to modify its order in accordance with *Braden.*

### Conclusion

We hold the trial court did not abuse its discretion when it ordered the production of documents and the payment of sanctions.[4] However, the trial court should have delayed the payment of sanctions until the termination of the lawsuit or made a written finding that the payment of sanctions would not obstruct Country Care's ability to defend in the lawsuit.

We deny the petition for writ of mandamus with respect to the trial court's order to produce documents and to pay sanctions. We conditionally grant the petition in part to allow the trial court to modify its order in accordance with this opinion. The writ will issue if the trial court fails to modify its order within twenty days of the date of this opinion.

---

4. We do not read Country Care's brief to contest the amount of sanctions. It only complains about the imposition of any sanctions and the requirement to pay the money before the end of the case. In any event, we need not consider whether the amount of sanctions is appropriate until it is raised on appeal.