Petition for Writ of Mandamus Denied and Memorandum Opinion filed
February 12, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00505-CV

____________

 

IN RE JAMES DEREK ADAIR, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On June
16, 2008, relator, James Derek Adair, filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator asks this court to compel the
Honorable Gladys Burwell, presiding judge of the Probate Court of Galveston
County, to vacate her May 20, 2008 order granting the motion for sanctions
filed by real party in interest, Kelly Rutherford, Dependent Administrator with
Will Annexed of the Estate of James Paul Adair, Deceased.  We deny relator=s petition for writ of mandamus.  








                                                   Background

When
legendary fire-fighter Red Adair died, he left his estate to his son James Paul
Adair (AAdair@), who died on April 9, 2006.  On
June 22, 2006, relator, who is Adair=s son, filed with the trial court an
application for independent administration and letters of administration
pursuant to Section 145(e) of the Texas Probate Code, in which he alleged that
Adair had died intestate, and requested that he be appointed independent
administrator.[1]  That same
day, relator also filed an application to determine heirship, also alleging
that Adair had died intestate.  The application to determine heirship was sworn
to by relator.  With the help of a locksmith, relator gained entry into Adair=s house and opened two safes. 

On July
10, 2006, attorney Kenneth C. Kaye, who had custody of Adair=s last will and testament dated
September 2, 2005, and first codicil dated March 8, 2006, delivered the will
and codicil to the trial court clerk.  Notice of the delivery of the will was
sent to relator=s attorneys.  On July 24, 2006, Kelly Rutherford filed an
application for probate of will and codicil and issuance of letters of
administration.[2]  On August 7,
2006, the trial court signed the order admitting Adair=s will and codicil to probate and
authorizing letters of dependent administration to be issued to Rutherford as
dependent administrator.  








On
August 29, 2006, Rutherford=s attorney wrote relator=s attorneys, demanding that relator
return everything he had removed from Adair=s house to Rutherford.  On September
13, 2006, Rutherford filed a motion for sanctions against relator, alleging
relator had known since at least April 11, 2006, that Adair had a will. 
Rutherford complained that relator had (1) filed documents with the trial court
falsely alleging that Adair had died intestate, (2) obtained entry into Adair=s home under the guise of Adair=s having died intestate, (3) removed
certain items belonging to Adair=s estate from the home, and (4)
refused to return those items.[3]  Rutherford
also complained that relator and his attorneys did not dismiss the application
for heirship after the filing of the will.[4] 
Rutherford requested that the trial court order relator to file a motion to
dismiss his applications with prejudice and that relator not be allowed to seek
to set aside the will and codicil.  Rutherford also requested attorney=s fees.  

The
trial court conducted three evidentiary hearings on October 10, 2006, May 8,
2007, and August 8, 2007, on Rutherford=s motion for sanctions.  At the end
of the October 10, 2006 hearing, the trial court continued the hearing and
ordered relator to return the estate property to Rutherford by the next day,
the parties and attorneys to sign off on the property relator returned, and
Rutherford to assess damage to property in the Adair home and file a report
with the trial court concerning missing property and repair estimates for any
damage. 

On October
18, 2006, Rutherford filed a report with the trial court regarding property
returned to him, property returned in damaged condition, and estate property
known to be missing.  On November 6, 2006, Rutherford filed an amended motion
for sanctions requesting attorney=s fees and the costs of repairing or
replacing estate property damaged by relator, and that relator be confined to
the Galveston County jail for the lesser of 18 months or until he complied the
trial court=s order.  








On May
20, 2008, the trial court signed an order granting Rutherford=s motion for sanctions.  The trial
court found that relator had (1) signed a document filed with the court
claiming that Adair had died intestate when relator knew that was not true; (2)
improperly obtained entry into Adair=s home, removed items from the home,
and caused damage to items in the home; (3) not returned any of the removed
items in a timely manner even though the administrator had demanded their
return; (4) not returned certain items after being ordered by the court on
October 10, 2006; and (5) caused damage to estate property.  

The trial
court=s order directed relator, by 5:00
p.m. on June 16, 2008, to (1) deliver to Rutherford all items on Exhibit AE(a)@ attached to the order; (2) pay
Rutherford $2,520.00 ($2,800.00, less $280.00 returned) that had been removed
from one of the safes in Adair=s home; (3) pay Rutherford $2,801.57 in property damage
caused by relator in Adair=s home; and (4) pay Rutherford $11,694.00 in attorney=s fees and expenses.  On June 16,
2008, relator filed an emergency motion for temporary relief and this petition
for writ of mandamus requesting that we compel the trial court to vacate the
May 20, 2008 sanctions order.  On June 18, 2008, we stayed the May 20, 2008
sanctions order.  

In his
petition, relator asserts the trial court abused its discretion by imposing
sanctions for entering and securing Adair=s home on the advice of his attorneys
and by compelling him to produce items he either does not have or never had. 
Relator further claims that he does not have the funds to pay damages, attorney=s fees, and expenses set forth in the
sanctions order, and having to pay the sanctions will interfere with his
ability or willingness to continue any litigation.  Relator, however, does not
challenge the trial court=s finding that he knowingly signed a document filed with the
trial court claiming no will existed or the amount of the damages to estate
property or the amount attorney=s fees claimed by Rutherford.  

 








                                                       Standard of Review

To be
entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court clearly abused its discretion and he has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  A trial court clearly abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding).  In determining whether the trial court abused its
discretion in the resolution of factual matters, the court of appeals may not
substitute its judgment for that of the trial court and may not disturb the
trial court=s decision unless it is shown to be arbitrary and unreasonable.  In re
Sanders, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).  Therefore, the
relator must establish that the trial court could have reached only one
decision.  Walker, 827 S.W.2d at 840.  An abuse of discretion does not
exist if the trial court bases its decision on conflicting evidence and some
evidence supports the trial court=s decision.  IKB Indus. (Nigeria)
Ltd. v. Pro‑Line Corp., 938 S.W.2d 440, 445 (Tex. 1997); Ruiz v.
Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993).  

To
determine if a party has an adequate remedy by appeal, we ask whether Aany benefits to mandamus review are
outweighed by the detriments.@  In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
136 (Tex. 2004) (orig. proceeding).  Appeal is not an adequate remedy when a
party stands to lose a substantial right.  Walker, 827 S.W.2d at 842.  

                                                                    Analysis

                                                        ASecuring the Property@








Relator
asserts the trial court abused its discretion by imposing sanctions for
entering and securing Adair=s home on the advice of his attorneys.[5] 
On June 9, 2006, relator=s attorney, Teresa Scardino, advised him in a letter that Amy office has advised you to secure
the property so that no other party may enter the property.@  However, the record shows that
Scardino did not know about Adair=s will at the time she advised
relator to Asecure the property.@  Indeed, at the October 10, 2006 hearing, Scardino testified
A[i]t was my very clear understanding
that there was not a will.@  Scardino further testified that she advised relator Ato secure the property because he was
concerned about the goings on at the house.@  A review of Scardino=s testimony reflects that she did not
expressly advise relator to remove items from the home.  This contention is
without merit and relator has shown no abuse of discretion by the trial court. 


                                                      Items
Removed by Relator

Relator
further asserts the trial court abused its discretion by compelling him to
produce items he either does not have or never had.  At the August 7, 2007
hearing, relator testified that, with respect to the items and money which had
not been returned, he did not take those items or had not seen those items. 
The reporter=s record reflects that Rutherford and Adair friend Vicki Walker testified
that the missing items were in the house or in the safe at time of Adair=s death, but were missing after
relator had gained entry into the house.  The locksmith relator hired to open
the gun safe and jewelry safe in Adair=s house testified about specific
items he saw in those safes that are now missing.  

Moreover,
in an August 29, 2006 letter to relator=s attorneys, Rutherford=s attorney demanded that relator
return everything he had removed from Adair=s house, explaining that A[relator], in a lengthy telephone
call to Mr. Rutherford, claimed that he was going to keep some of the items
because they are somehow very personal to him or to members of the Adair
family,@ and Astated to Mr. Rutherford that he was
not going to return these items.@ 








Whether
the missing items were in the house at the time of Adair=s death is a fact issue, which the
trial court determined against relator.  Based on the evidence presented, the
trial court could have reasonably inferred that relator took those after he had
gained entry into the house and the two safes.  We cannot say the trial court
abused its discretion when making findings on conflicting evidence.  See IKB
Indus. (Nigeria) Ltd., 938 S.W.2d at 445; Ruiz, 868 S.W.2d at 758.  

                                               Ability
to Pay Monetary Sanctions

Relator
further claims he does not have the funds to pay the damages, attorney=s fees, and expenses set forth in the
May 20, 2008 sanctions order, and the payment of the sanctions will interfere
with his ability or willingness to continue litigation.  Ordinarily, a relator
has an adequate remedy by appeal from a sanctions order awarding monetary
sanctions.  Braden v. Downey, 811 S.W.2d 922, 928 (Tex. 1991) (orig.
proceeding); In re Lavernia Nursing Facility, 12 S.W.3d 566, 571 (Tex.
App.CSan Antonio 1999, orig. proceeding
[mand. denied]).  Thus, when mandamus is sought to vacate a monetary sanction
order, the uncertainty of actual reimbursement after winning an appeal does not
render appeal inadequate.  Prime Group, Inc. v. O=Neill, 848 S.W.2d 376, 378B79 (Tex. App.CHouston [14th Dist.] 1993, orig.
proceeding).  However, when a monetary sanction is so severe as to threaten a
party=s continuation of litigation, an
appeal is an adequate remedy only if payment is deferred until final judgment
when the party can supersede the judgment and perfect an appeal.  Id. at
379 (citing Braden, 811 S.W.2d at 929).  








The
Texas Supreme Court has set forth the following procedure for the trial court
when a litigant contends that a monetary sanction award precludes his access to
the court:  the trial court must either (1) provide that the sanction is
payable only at a date that coincides with or follows entry of a final order
terminating the litigation, or (2) make express written findings, after a
prompt hearing, as to why the award does not have such a preclusive effect.  Id.
(quoting Braden, 811 S.W.2d at 929).  This allows the trial court to
levy some monetary sanctions during pretrial proceedings, but requires the
payment of more severe sanctions be deferred until an appealable judgment is
rendered.  Braden, 811 S.W.2d at 929.  

Although
relator requests that we direct the trial court to vacate the May 20, 2008
order, he also suggests the hardship on him can be mitigated if the monetary
sanction is not effective until the rendition of a final judgment that ends
litigation in accordance with Braden.  Relator has not preserved this
issue for review in this original proceeding because he failed to raise it in
the trial court.  See In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.
1998) (orig. proceeding); Nabors Drilling USA, LP v. Carpenter, 198
S.W.3d 240, 249 (Tex. App.CSan Antonio 2006, orig. proceeding); In re Steger Energy
Corp., Nos. 04‑01‑00556‑CV & 04‑01‑00670‑CV,
2002 WL 663645, at *4 (Tex. App.CSan Antonio Apr. 24, 2002, orig.
proceeding) (not designated for publication).  Relator did not argue to the
trial court that he is unable to pay the monetary sanction or that his
inability to pay the sanction will preclude his access to the court.  Instead,
at the end of the August 7, 2007 hearing, which was the third and final hearing
related to Rutherford=s motion for sanctions, relator=s attorney argued there was no
evidence that relator had taken the items that were still missing.  Moreover,
relator has not cited any evidence supporting his claim of inability to pay the
monetary sanction.  

Relator
has failed to show that the trial court abused its discretion by not making the
monetary sanction effective until there has been a final judgment.  Relator
also has not shown that he does not have an adequate remedy by appeal.  Relator
is not a beneficiary under Adair=s will, and he does not explain or
specify what Alitigation@ he will be prevented from pursuing.  








Finally,
relator argues the trial court was required to, but did not (1) try lesser
sanctions first; (2) identify that any lesser sanction was tried without
success; (3) explain why any lesser sanction was or would be ineffective; (4)
explain why the sanctions imposed were appropriate; or (5) attempt to reduce
any hardship on relator by providing the sanction would take effect upon entry
of final judgment.  See Cire v. Cummings, 134 S.W.3d 835, 839 (Tex.
2004); GTE Commc=ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993)
(orig. proceeding).  Relator asserts the sanctions order in this case is the
functional equivalent of the Adeath penalty@ sanction of striking of pleadings for discovery violations. 
Relator has not shown that he presented this complaint to the trial court, and
that the trial court refused a request for correction.[6] 
AA party=s right to mandamus relief generally
requires a predicate request for some action and a refusal of that request.@  In re Perritt, 992 S.W.2d
444, 446 (Tex. !999) (orig. proceeding) (per curiam) (citing Axelson, Inc.
v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding)).  Even if
relator had brought this complaint to the trial court=s attention, it is without merit. 
Death penalty sanctions are those that terminate the presentation of the merits
of a party=s claims.  Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 845 (Tex.
1992); see also GTE Commc=ns Sys. Corp., 856 S.W.2d at 732 (explaining death
penalty sanctions are case determinative).  As addressed above, relator is not
a beneficiary under Adair=s will and he has not explained what claims the sanctions
order prevents him from presenting. 

 

 

 

 








                                                                Conclusion

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relators= petition for writ of mandamus and
further lift our stay order entered on June 18, 2008. 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Panel consists of Justices Yates,
Anderson, and Brown.  









            [1]  See Tex.
Prob. Code Ann. ' 145(e) (Vernon 2003) (providing for independent
administration of an estate when decedent dies intestate).  





            [2]  The will
designated Northern Trust Bank of Texas, N.A. to serve as independent executor,
but the bank was not willing to serve and filed its waiver and renunciation of
its right to be appointed independent executor.  The will designated Joetta
Jankzak to serve as substitute independent executrix, but she also was not
willing to serve and filed a waiver and renunciation of her right to be
appointed independent executrix.  





            [3]  Initially,
Rutherford also sought sanctions against relator=s attorney, Teresa Scardino, because she had signed relator=s applications for independent administration and 
heirship, but later dismissed his motion for sanctions against Scardino because
she had been Aduped@ by relator
into believing Adair had no will.  





            [4]  On October 10,
2006, the trial court signed the order granting relator=s motion to dismiss his application for administration
and application to determine heirship without prejudice.  





            [5]  Relator=s phrasing of this issue mischaracterizes the trial
court=s findings.  In the sanctions order, the trial court
found that relator not only had improperly entered Adair=s home, but also had removed a number of items from
the home and caused damage to other items in the home.  





            [6]  Relator
initially informed this court he had requested that the trial court make
findings of fact and conclusions of law, but later advised that the court would
not be making such findings and conclusions.  Relator did not provide this
court with a copy of his request for findings of fact and conclusions of law
filed in the trial court or show that such request was presented to the trial
court.  See Walker, 827 S.W.2d at 837 (stating that relator must provide
sufficient record demonstrating entitlement to mandamus relief).