

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-392-CV

IN RE MICHELLE SPENCE                                          RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Relator Michelle Spence filed a petition for writ of mandamus and a motion for emergency stay seeking relief from the trial court's September 24, 2009 order requiring her to appear and bear the cost of taking her deposition, to respond to each and every discovery request propounded by Real Party in Interest Mac Coalson, and to pay attorneys' fees sanctions of $19,929.19. Spence asks this court to order the trial court to vacate its September 24, 2009 order. On November 4, 2009, this court issued an order requesting a response and staying the portion of the trial court's order requiring Spence to pay $19,929.19 to Coalson until further order

------------

[1] See Tex. R. App. P. 47.4.

of this court.  We grant Relator's petition for writ of mandamus in part and deny in part.

## II.  Factual and Procedural Background

On August 1, 2008, Spence filed suit against Coalson for false imprisonment, malicious criminal prosecution, defamation, private nuisance, intentional infliction of emotional distress, and conspiracy.  In response, Coalson filed counterclaims against Spence for fraud, action on a debt, and defamation.

On September 4, 2008, Coalson served a request for disclosure on Spence, and he served Spence with his first request for interrogatories and request for production on September 19, 2008.  Coalson also served Spence with a second set of interrogatories and second request for production on January 10, 2009.  On January 21, 2009, Spence served her objections and responses to the request for disclosure, first request for interrogatories, and first request for production.  On February 11, 2009, Spence filed her responses to Coalson's second set of interrogatories and second request for production.

On February 17, 2009, Coalson's attorney sent correspondence to Spence's attorney which detailed his perceived insufficiencies in Spence's responses to the discovery.  In response, Spence supplemented her discovery responses on March 2, 2009.  Spence produced a CD along with her supplemental responses that was purported to contain audio recordings of conversations between Coalson and Spence, but the CD was blank.  Coalson requested another copy of the CD, and

Spence produced a second CD which allegedly contained audio recordings of sixteen conversations between Coalson and Spence. On March 19, 2009, Coalson served Spence with a third request for interrogatories requesting additional information about the audio recordings. In her response, Spence stated that she was in possession of the original audio recordings.

On July 17, 2009, Coalson served Spence with a third request for production in which he requested Spence's bank records, her phone records, and complete, unedited copies of any audio or video recordings involving Coalson. Spence filed a response to the third request for production in which she responded "will supplement" in response to each of Coalson's requests. Upon receipt of the response, Coalson's attorney sent Spence's attorney correspondence requesting that she provide the documents requested in the third request for production. Spence did not provide the documents.

On July 28, 2009, Coalson noticed Spence's deposition by agreement for August 26, 2009. The deposition notice included a subpoena duces tecum requesting the production of certain documents. After Coalson's counsel produced copies of audio taped recordings of conversations between Spence and Coalson to Spence's counsel two days prior to her scheduled deposition, Spence's counsel requested the deposition be rescheduled so that he could review the recordings. Spence's deposition was then rescheduled by agreement to take place on

3

September 8, 2009. However, Spence failed to appear for her deposition as scheduled.

On September 9, 2009, Coalson filed a motion to compel discovery and for sanctions regarding Spence's failure to sufficiently respond to discovery as well as a motion to compel and for sanctions for Spence's failure to appear for her deposition. In his motion to compel discovery and for sanctions regarding Spence's failure to respond to discovery, Coalson asked the court to order Spence to reimburse Coalson for attorneys' fees in the amount of no less than $25,000 incurred in attempting to obtain discovery from Spence. In his motion for sanctions for Spence's failure to appear for her deposition, Coalson asked the trial court to compel Spence to appear for her deposition and order her to reimburse Coalson for attorneys' fees and costs in the amount of no less than $15,000.

On September 24, 2009, the trial court conducted a hearing on the motions to compel and for sanctions in which Coalson's attorney testified that Spence had repeatedly refused and failed to furnish or supply him with adequate responses to his written discovery requests and had failed to appear for her deposition, for which he requested monetary sanctions. Coalson's attorney estimated that Coalson had incurred $19,929.19 in attorneys' fees as a result of Spence's refusal to adequately respond to written discovery or appear for her deposition. Spence's counsel argued to the trial court that assessing the monetary sanction Coalson was requesting would result in a death-penalty sanction against Spence because he believed she did not

4

have the funds to pay the sanction. At the conclusion of the hearing, the trial court ordered Spence to appear for and pay for her deposition, respond to each and every discovery request propounded, and reimburse Coalson for reasonable and necessary attorney's fees incurred in the amount of $19,929.19 within thirty days after entry of the order. Spence seeks mandamus relief requesting that the trial court be ordered to vacate its September 24, 2009 order.

### III. Analysis

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Colonial Pipeline*, 968 S.W.2d at 941. The rules governing discovery do not require as a prerequisite to discovery that the information sought be admissible evidence; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a). But this broad grant is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

5

Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 840. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Walker*, 827 S.W.2d at 840. Furthermore, the imposition of monetary sanctions, such as attorneys' fees, is reviewable on appeal from a final judgment and, for that reason, is not subject to mandamus. *In re Lavernia Nursing Facility, Inc.*, 12 S.W.3d 566, 571 (Tex. App.—San Antonio 1999, orig. proceeding); *Tjernagel v. Roberts*, 928 S.W.2d 297, 303 (Tex. App.—Amarillo 1996, no writ) (citing *Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex. App.—Dallas 1992, orig. proceeding)).

However, the Texas Supreme Court has held that where a party's ability to present a viable claim or defense is vitiated or severely compromised, appellate remedy may be inadequate. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004). Mandamus is a proper vehicle for review where the effect of the pretrial sanctions precludes a decision on the merits of a party's claim (the "death penalty"). *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 918–20 (Tex. 1991) (orig. proceeding). Mandamus review is also appropriate when monetary sanctions threaten a party's willingness or ability to continue the lawsuit. *Lavernia Nursing Facility*, 12 S.W.3d at 571. When a monetary sanction is so severe that it threatens a party's continuation of the litigation, appeal is an adequate remedy only if payment

6

is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect an appeal. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding).

Spence first argues that the trial court abused its discretion by awarding the monetary sanction because she did not intentionally fail to appear at her deposition and because the trial court did not conduct a hearing on the propriety of the discovery or Spence's objections to the discovery prior to imposing the sanction. Second, Spence contends that the trial court erred by failing to first consider whether a less stringent sanction would fully promote compliance and deterrence and discourage further abuse. *See id.* Third, Spence contends that the sanction is excessive and the attorneys' fees were not proved to be reasonable and necessary. Finally, Spence contends that, because she lacks the means to pay the sanction, the trial court's sanction order threatens her ability to continue the litigation and effectively deprives her of an adequate remedy by appeal. *See Downey*, 811 S.W.2d at 929; *TransAmerican*, 811 S.W.2d at 918–20; *Lavernia Nursing Facility*, 12 S.W.3d at 571; *In re McCall*, 967 S.W.2d 934, 939 (Tex. App.—Corpus Christi 1998, orig. proceeding) (op. on reh'g); *In re Braden*, 960 S.W.2d 834, 837–38 (Tex. App.—El Paso 1999, orig. proceeding).

If a litigant contends that a monetary sanction award precludes access to the court, the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation;

7

or (2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect. *Downey*, 811 S.W.2d at 929. This procedure allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that payment of more severe sanctions be deferred until rendition of an appealable judgment. *Id.*

Here, the trial court abused its discretion by ordering the sanctions to be paid within thirty days without making express written findings as to why the monetary sanction did not have a preclusive effect. And by doing so, the trial court has effectively prevented Spence from having an adequate remedy by appeal. *See In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) (orig. proceeding); *Downey*, 811 S.W.2d at 929; *Lavernia Nursing Facility*, 12 S.W.3d at 572; *Braden*, 960 S.W.2d at 838.

## IV. Conclusion

We deny Spence's petition for writ of mandamus with respect to the trial court's order compelling discovery and as to whether the amount of the sanctions assessed is appropriate, as those issues may be addressed upon appeal from a final judgment. We conditionally grant Spence's petition for writ of mandamus with respect to the trial court's order requiring payment of the $19,929.19 sanction within thirty days. We are confident that the trial court will comply with this order by modifying the September 24, 2009 order to provide that the $19,929.19 sanction is payable only at a date that coincides with or follows entry of a final order terminating

the litigation, and the writ will issue only if the trial court fails to modify its order within twenty days of this opinion.  Our November 4, 2009 stay order id hereby vacated.  All other requested relief is denied.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  June 21, 2010