

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00220-CV

**IN RE** Shannon L. **JOHNSON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Karen Angelini, Justice
    Rebecca Simmons, Justice
    Steven C. Hilbig, Justice

Delivered and Filed: April 25, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On April 16, 2011, Relator Shannon L. Johnson filed a Petition for Writ of Mandamus and Motion for Temporary Relief in this court. In her petition, Relator asks that we compel respondent, the Honorable Irene Rios, to grant Relator's third motion for summary judgment and third no-evidence motion for summary judgment and to vacate the trial court's order for sanctions. Additionally, her motion for temporary relief requests that this court stay the trial court's sanctions order. Relator has not shown that she is entitled to the relief requested, and we deny both the petition and motion for temporary relief. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *see also* TEX. R. APP. P. 52.

---

[1] This proceeding arises out of Cause No. 354267, styled *Shannon L. Johnson and Javier G. Gonzalez v. Waters at Elm Creek, L.L.C.*, pending in County Court at Law No. 2, Bexar County Texas, the Honorable Jason Wolff presiding. However, the challenged order was signed by the Honorable Irene Rios, presiding judge of County Court at Law No. 10, Bexar County, Texas.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion, because "trying a case in which summary judgment would have been appropriate does not mean the case will have to be tried twice." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465–66 (Tex. 2008). Although the Texas Supreme Court recently found mandamus was appropriate to correct the erroneous denial of a motion for summary judgment, the court noted that extraordinary circumstances merited extraordinary relief. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (granting relief to enforce limitations after relator had already endured trial in incorrect jurisdiction). Moreover, monetary sanctions are not generally remediable by mandamus. *Braden v. Downey*, 811 S.W.2d 922, 928-29 (Tex. 1991); *In re Lavernia Nursing Facility*, 12 S.W.3d 566, 571 (Tex. App.—San Antonio 1999, orig. proceeding). We do not find extraordinary circumstances warranting mandamus relief in this case.

Accordingly, Relator's petition for writ of mandamus and motion for temporary relief are DENIED.

PER CURIAM