**AMERICAN HONDA MOTOR CO., INC., et al., Relators,**

v.

**Honorable Joe B. DIBRELL, Jr., Judge, Respondent.**

**No. 3–87–082–CV.**

Court of Appeals of Texas, Austin.

Sept. 9, 1987.

Rehearing Denied Sept. 30, 1987.

Paul Douglas Heard, Brown, Maroney, Rose, Barber & Dye, Austin, for American Honda Motor Co., Inc., Honda Motor Co., Ltd. and Honda R & D Co., Ltd.

Elaine W. Stone, David L. Perry & Associates, Corpus Christi, for real parties in interest, Tammie Sue Mullins and Kenneth Wayne Mullins.

Before SHANON, C.J., and BRADY and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an original mandamus proceeding arising out of a pre-trial discovery dispute. American Honda Motor Co., Inc., Honda Motor Co., Ltd., and Honda R. & D., Ltd. (all herein referred to as Honda), relators in this proceeding and defendants below, seek a writ of mandamus to compel the trial court, the Honorable Joe B. Dibrell, Jr., to vacate or modify his protective order concerning the dissemination of confidential information obtained from Honda through discovery. While this case has been under submission, the Texas Supreme Court has announced its decision in *Garcia v. Peeples*, 734 S.W.2d 343 (1987). In accordance with the holding in *Garcia*, we will deny the application for writ of mandamus.

This litigation was instituted by plaintiffs Tammy Sue Mullins and Kenneth Wayne Mullins, the real parties in interest, after Ms. Mullins allegedly was injured while riding an all terrain cycle manufactured by Honda. In response to discovery requests, Honda filed its motion for protective orders and affidavits in support thereof. The plaintiffs sought to obtain from relators information which Honda claimed to be confidential trade secrets. The court concluded that some information requested contained trade secrets and rendered an order for the protection of Honda's confidential material pursuant to Tex.R.Civ.P. Ann. 166b(4) (Supp.1987).

Under the terms of the court's order, Honda could designate that material it classified as a trade secret, confidential or pro-

prietary business information. Unless successfully challenged by plaintiffs in a court hearing, material so designated could be disclosed by plaintiffs only to certain individuals and then only under the terms of the order. After the district court rendered its order, this Court granted Honda's motion for leave to file this application seeking mandamus relief.

By the terms of the court's order, Honda's confidential information can be disclosed as designated in paragraph five of the order to parties, potential witnesses, counsel in this proceeding and other individuals retained to assist them, so long as they agree in writing to be bound by the terms of the order. Other than those persons designated in paragraphs five and nine of the order, plaintiffs cannot disclose any confidential information to anyone without prior notice to Honda and an opportunity for a hearing to contest the disclosure. The order provides for filing certain information under seal with the court and returning all documents to relators after the litigation concludes. Anyone obtaining access to the information is required to maintain confidentiality and to be bound by the terms of the order. Honda does not complain about any of these conditions.

■ Honda does complain that the trial court clearly abused its discretion by the terms of paragraph nine of the order. Paragraph nine permits plaintiffs to share the protected information with other attorneys representing "parties involved in litigation involving personal injury alleged to be associated with the use of an all terrain vehicle," provided the attorney first signs and files a copy of the order with the court agreeing to be governed by the terms of the protective order and to submit himself to the court's jurisdiction for purposes of enforcement.

The plaintiffs assert that they should be entitled to share their discovery with other similarly situated claimants, as paragraph nine provides. To the contrary, Honda takes the position that the Mullins "are not entitled, under any circumstances, to share the confidential documents with other at- torneys not actually involved in the instant litigation." In *Garcia v. Peeples, supra,* however, the Supreme Court rejected this position and the reasoning now urged by Honda. Honda submits further that if under any circumstance the plaintiffs should be permitted to share their discovery with other claimants' attorneys, Honda should first receive notice and have the opportunity to contest the disclosure in a court hearing. Honda earlier suggested this restrictive limitation to the trial court, which rejected it in favor of the terms set forth in paragraph nine.

■ Relators claim that the court's protective order requires them to produce confidential information without adequate court control to maintain the information's secrecy and prevent its public disclosure in order to protect legitimate proprietary interests, and that they have no adequate remedy on appeal. Mandamus will issue to correct trial court actions in the absence of an adequate remedy on appeal. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984). In this mandamus proceeding, Honda requests this Court to order Judge Dibrell to vacate or modify his order to deny plaintiffs the right to disseminate discovered material to anyone not connected with this action or in the alternative to require the limitations requested by Honda in lieu of paragraph nine.

In *Garcia v. Peeples, supra,* the Texas Supreme Court dealt with the issue of sharing confidential information obtained through discovery. In *Garcia,* the trial judge had adopted an order restricting the information to those involved in the subject proceeding and prohibiting the sharing of the information with those not involved in the litigation. The plaintiff sought mandamus to permit his sharing the discovery with others. As here, the plaintiff claimed that he should be permitted to share the information with similarly situated persons in order to better prepare for trial, while GMC, the defendant corporation, argued the need to protect its trade secrets and confidential information from competitors. The Supreme Court rejected the restricted use of discovered material and recognized a

public policy favoring shared disclosure of information in litigation proceedings. The Court held that an overbroad order, such as the one ordered in *Garcia* and such as the one sought here by relators, constituted an abuse of the trial court's discretion in issuing protective orders. The Court stated that the public policy favoring the exchange of information among litigants permits only the most limited protective orders designed to protect only legitimate proprietary interests. Texas courts, the Court ruled, should be guided by a principle encouraging the free exchange of information and ideas. The Court stated:

> Shared discovery is an effective means to insure full and fair disclosure. Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses.

*Id.* at 594.

By its ruling, the Supreme Court held that a trial court abused its discretion by rendering a protective order limiting the sharing of information among similarly situated litigants, rather than by issuing one permitting dissemination of information to such related litigants. Pursuant to *Garcia*, the trial court must balance the parties' competing needs and prevent dissemination of "true trade secrets" only to competitors, taking into consideration the age, usefulness and ease with which information might otherwise be obtained by competitors in any event. Once the information classified as true trade secrets has been determined, the trial court "can require anyone wishing to share the discovered material to certify that they will not release it to competitors or others who would exploit it for their own economic gain." *Id.* at 594.

A review of Judge Dibrell's protective order reveals that it falls within the approved principles announced in *Garcia* and provides for the dissemination and sharing of information obtained from Honda by discovery to the extent permitted thereunder. As this Court is controlled by the holding in *Garcia*, the petition for writ of mandamus is denied.