SUSMAN GODFREY, L.L.P. and Barry C. Barnett, Relators, and John P. Collins, Intervenor/Relator,

v.

The Honorable John McClellan MAR-SHALL, Judge, 14th District Court, Dallas County, Texas, Respondent.

Nos. 05–92–00854–CV, 05–92–00955–CV.

Court of Appeals of Texas, Dallas.

May 26, 1992.

Rehearing Denied June 22, 1992.

Jerry P. Jones, G. Luke Ashley, Stephen L. Tatum, Dallas, for relators.

Barry C. Barnett, Thomas A. Adams IV, John M. Helms, Dallas, for intervenor/relator.

Mary Jo Vida, Raymond R. Fernandez, Jr., Delbert L. Gibbs, Dallas, for respondent.

Before BAKER, LAGARDE and OVARD, JJ.

## OPINION

BAKER, Justice.

This is an original proceeding for mandamus. Relators seek writs of mandamus directing respondent to set aside his order imposing a monetary sanction of $25,000 on relators, jointly and severally. We deny both petitions for writ of mandamus.

### THE LAWSUIT

Presbyterian Hospital of Dallas sued several defendants, including relator Collins, to collect about eighteen million dollars owed to it as the assignee of two promissory notes. Relator Susman Godfrey, L.L.P. represents Collins and other defendants. Relator Barry C. Barnett, one of Susman Godfrey's attorneys, handled the litigation for several defendants including relator Collins.

### PROCEDURAL HISTORY

Presbyterian filed a motion for protective order and sanctions, as well as two supplements to this motion. Presbyterian alleged that Collins and Barnett engaged in sanctionable conduct during the litigation. Presbyterian's motion sought protection from and sanctions for alleged abusive, harassing, and improper conduct of Collins, Barnett, and Susman Godfrey.

In January 1992, Collins sent a letter to the trustees and former trustees of Presbyterian's Board. This letter informed the trustees of Presbyterian's suit against Collins. Collins claimed Presbyterian brought the suit without Board approval. He also claimed Presbyterian's pursuit of the suit could "imperil" the hospital's tax status. Collins requested a meeting with the Board to present his side of the suit. Collins told Barnett about the letter and read it to Barnett just before or just after Collins sent it to the trustees. Barnett told Collins that he, Barnett, could not participate in any contact with the Board. Barnett did not encourage Collins to mail the letter.

Collins also concluded Presbyterian was acting outside its authority in maintaining the suit. Collins requested Barnett advise the Texas Attorney General of Presbyterian's suit and its factual background. After an independent review, Barnett did so. He sent a letter to the Texas Attorney General. Barnett suggested an investigation and evaluation of whether the State should begin a civil *quo warranto* proceeding against Presbyterian. Collins sent copies of Barnett's letter to Presbyterian's Board.

Collins had moved for a partial summary judgment in the suit. In support of this motion, Collins filed an affidavit about the partition of community property to his wife. Before the hearing on this motion, Collins filed another affidavit making minor changes in the first affidavit.

Presbyterian's motions claimed Barnett's conduct in sending the letter to the Attorney General was beyond the bounds of zealous representation. Presbyterian claimed his conduct was a gross violation of the Texas Code of Professional Responsibility. Presbyterian alleged that Collins's original summary judgment affidavit was false. It contended the affidavit violated

rule 13 of the Texas Rules of Civil Procedure. Presbyterian further alleged Collins engaged in abusive and harassing conduct by sending a letter to a witness in the case.

The court permitted discovery by the parties about Presbyterian's motions for protection and sanctions. The court conducted three days of hearings on the motions. The court then entered a sanctions order against Collins, Barnett, and Susman Godfrey.

## THE SANCTIONS ORDER

Respondent found that Collins knowingly filed a false affidavit. Respondent found Collins's conduct violated rule 13 of the Texas Rules of Civil Procedure. Respondent fined Collins $500 for the rule 13 violation, found Collins in contempt, and ordered him confined for six months in the Dallas County Jail. Respondent also ordered Collins's testimony certified to the Dallas County Grand Jury for prosecution for aggravated perjury.

Respondent found that Barnett knew of Collins's letter to the trustees and did not prevent or discourage Collins from sending the letter. Respondent found Barnett's conduct violated Texas Disciplinary Rule 3.07(a). *See* SUPREME COURT OF TEXAS, STATE BAR RULES, art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.07(a) (1989) [hereinafter TEX. DISCIPLINARY RULES OF PROF. CONDUCT] (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G. app., following § 83.006 of the Government Code). Respondent further found that Barnett, by his letter to the Texas Attorney General, intended to begin disciplinary action solely to gain an advantage in this suit within the meaning of 4.04(b)(1) of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY RULES OF PROF. CONDUCT, Rule 4.04(b)(1).

Respondent ordered Collins, Barnett, and Susman Godfrey, jointly and severally, to pay $25,000 to Presbyterian as sanctions for Presbyterian's reasonable and necessary attorney's fees and intangible damages. Respondent ordered relators to make the payment to Presbyterian by March 23, 1992. Barnett and Susman Godfrey secured an extension of the payment date so they could pursue a petition for writ of mandamus in this Court.

## JURISDICTION

This Court has jurisdiction to determine the validity of respondent's order under section 22.221(b) of the Texas Government Code. *See Walker v. Packer*, 827 S.W.2d 833, 838 (Tex.1992); TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 1988).

## THE ISSUE

The primary issue is whether relators have an adequate remedy by appeal. If they do, mandamus will not lie. *Walker v. Packer*, at 839.

## THE PARTIES' CONTENTIONS

### A. Relators

#### 1. *Susman Godfrey and Barnett*

Susman Godfrey and Barnett contend respondent abused his discretion by entering the sanctions order. First, they contend the conduct for which respondent sanctioned them is not sanctionable under either rule 13 or rule 215 of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 13 and 215. They argue respondent had no authority to impose a $25,000 fine against them. Second, they contend that by ordering the $25,000 paid before the entry of a final judgment, respondent denied them their right to supersede or appeal the order.

#### 2. *Collins's Contentions*

Collins asserts respondent abused his discretion in entering the sanctions order because he amended his alleged false affidavit by a more detailed affidavit. Collins contends by requiring payment of the $25,000 before entry of final judgment, respondent denied him his right to supersede or appeal the sanctions order. Collins also contends the amount of the monetary sanction may impair his willingness and ability to continue the suit. Collins does not seek

relief from the portion of the sanctions order finding him in criminal contempt.[1]

### B. Respondent's and Presbyterian's Contentions

Respondent and Presbyterian contend that mandamus is not available because relators have an adequate remedy by appeal. They also contend the $25,000 is not a fine. They argue it is an award of attorney's fees and damages directly related to harm Presbyterian suffered because of relators' conduct.

### THE APPLICABLE LAW

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty the law imposes when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A normal appeal is a clear and adequate remedy at law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). The person seeking mandamus relief must show the lack of an adequate appellate remedy. *Walker*, at 842; *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989).

■ An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, at 842. The relator must show the effective denial of a reasonable opportunity to develop the merits of his or her case. *Walker*, at 843.

■ Rule 13 of the Texas Rules of Civil Procedure provides authority for a court to impose appropriate sanctions available under rule 215(2)(b) of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 13 and 215(2)(b). The court may impose the sanction upon the person who signed the document, a represented party, or both. TEX.R.CIV.P. 13. Sanctions imposed under rule 215 are subject to review on appeal from the final judgment. *See* TEX.R.CIV.P. 215(3).

■ The court should not use monetary sanctions to dispose of litigation. Our supreme court has recognized that a sanction assessed and payable before an appeal could, in some circumstances, have a preclusive effect on the violating party's access to the courts. *See Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991); *see also Thomas v. Capital Security Serv., Inc.*, 836 F.2d 866, 882 (5th Cir.1988). The imposition of sanctions must not result in total or even significant preclusion of access to the courts. *Braden*, 811 S.W.2d at 929; *Thomas*, 836 F.2d at 882 n. 23. If the court's imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if the court defers payment of the sanction until the court renders final judgment. *See Braden*, 811 S.W.2d at 929. Such an order affords the sanctioned party an opportunity to supersede the judgment and perfect his appeal. *Braden*, 811 S.W.2d at 929.

■ However, a litigant must contend to the district court that a monetary sanction will preclude his or her access to the court. *See Braden*, 811 S.W.2d at 929. If a party makes such a contention to the district court, the district judge must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation; or (2) make express written findings after a prompt hearing about why the sanction does not have a preclusive effect. *Braden*, 811 S.W.2d at 929.

### APPLICATION OF LAW TO FACTS

Relators argue that imposition of the sanction with payment required by April 21, 1992, deprived them of any opportunity to supersede or appeal the order.

Relators Barnett and Susman Godfrey argue that a trial court's order of a severe sanction must make the sanction payable on a date coinciding with the entry of a final appealable order or other order terminating the case. Susman Godfrey and Barnett rely on *Braden* for this conclusion.

---

1. Collins was incarcerated pursuant to the order and applied to the Texas Court of Criminal Appeals for writ of habeas corpus. That matter pends before that court.

We disagree with Susman Godfrey and Barnett's interpretation of *Braden.*

 *Braden* states that if a litigant contends a monetary sanction precludes access to the court, then the district court must provide the sanction is payable only at a date that coincides with or follows entry of a final order terminating the litigation. *See Braden,* 811 S.W.2d at 929. Susman Godfrey and Barnett did not contend before the trial court, nor do they contend before this Court, that the monetary sanction imposed will affect their ability to appeal the sanctions order after final judgment. Neither did they contend before the trial court, nor do they contend before this Court, that they are unable to pay the sanction. We conclude Susman Godfrey and Barnett have an adequate remedy by appeal. *Walker,* at 843; *Braden,* 811 S.W.2d at 929.

 Collins contends that before this Court that the imposition of the monetary sanction may significantly impair his willingness and ability to continue the litigation. The record shows Collins did not make this claim in the trial court. He has waived his right to make that assertion. *See Braden,* 811 S.W.2d at 929; Tex. R.App.P. 52(a).

Under the traditional standards of mandamus review, relators have an adequate remedy by appeal. Mandamus is inappropriate. *Walker,* at 844. Because we have determined relators have an adequate remedy on appeal, we express no opinion here on respondent's authority to impose the sanctions. Relators may raise that issue, as well as the basis for and the propriety of those sanctions, if authorized, on appeal. *Braden,* 811 S.W.2d at 930. We deny relators' petitions for writ of mandamus.