

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00095-CV

_____

IN RE:
COYT RANDAL JOHNSTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Coyt Randal Johnston has filed a petition asking this Court to issue a writ of mandamus to prevent an ordered pre-suit deposition. We have stayed the ordered deposition pending our decision in this proceeding.

Judge Carlos Cortez filed a petition in Dallas County[1] pursuant to Rule 202 of the Texas Rules of Civil Procedure in which he sought an order to take Johnston's pre-suit deposition. TEX. R. CIV. P. 202. The underlying facts show that Cortez, a Dallas district judge, is considering filing a defamation suit against Johnston, a Dallas attorney, based on allegedly defamatory statements[2] made by Johnston about Cortez to the media and to a number of attorneys and judges in Dallas in late October 2009.

Cortez sought to take only Johnston's deposition and named and served only Johnston in connection with his request. Cortez bases his anticipated lawsuit on e-mail correspondence sent by Johnston; Cortez's counsel stated at the hearing that "a suit can be brought against Mr. Johnston." At the hearing, Cortez's counsel testified that five other sitting judges or justices in Dallas were "mentioned in [Johnston's] e-mails." Counsel further stated that those five judges "may be the sources [of the information uttered by Johnston], or there may be other judges who are

---

[1] Originally filed in the Fifth Court of Appeals, this original proceeding was transferred to this Court by the Texas Supreme Court because all justices on the Fifth Court of Appeals recused. We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] Johnston's statements related to a complaint he had earlier made to the State Judicial Conduct Commission concerning Cortez. We have no information regarding whether the Commission has made any disposition of Johnston's complaint.

the sources of this information."

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198 (Tex. App.—Texarkana 2006, orig. proceeding). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996); *Walker*, 827 S.W.2d at 840. Consequently, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Huie*, 922 S.W.2d at 927–28.

Rule 202 of the Texas Rules of Civil Procedure permits a person to petition a trial court for an order authorizing a deposition before suit is filed. TEX. R. CIV. P. 202.1. The deposition may

3

be taken to perpetuate testimony for use in an anticipated suit or to investigate a potential claim or suit. *Id*. A deposition may be ordered only if the trial court finds that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or, where the deposition is to investigate a potential claim, that the likely benefit outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a).

Appeal is not an adequate remedy from such an order. *In re Christopher Allan, M.D.*, 191 S.W.3d 483 (Tex. App.—Tyler 2006, orig. proceeding), *mand. granted*, 249 S.W.3d 416 (Tex. 2008). The ruling is interlocutory if discovery is sought from a person against whom there is a suit pending or against whom a suit is specifically contemplated. *IFS Sec. Group, Inc. v. Am. Equity Ins. Co.,* 175 S.W.3d 560, 563 (Tex. App.—Dallas 2005, no pet.); *Thomas v. Fitzgerald*, 166 S.W.3d 746, 747 (Tex. App.—Waco 2005, orig. proceeding). Here, Cortez has identified Johnston as an anticipated defendant in a defamation action, and against others not so named in his petition. Because the order is interlocutory and not immediately appealable, this is a type of situation in which mandamus relief could be available, if the trial court abused its discretion.

The question, then, is whether mandamus relief is available on these facts under the application of this rule. We deny the petition because (1) the trial court was within its discretion in impliedly finding that Cortez did not identify any named judges as anticipated defendants; and (2) the trial court was within its discretion in finding that the deposition is necessary to avoid a failure or delay of justice and that the deposition's benefits outweigh its burdens.

4

*(1)* *The Trial Court Was Within Its Discretion in Impliedly Finding that Cortez Did Not Identify any Named Judges as Anticipated Defendants*

Johnston contends that, because Cortez did not serve notice on the five individual judges named at the hearing, the petition for deposition must be denied. Cortez argues that the rule requires service only on the individual sought to be deposed, relying on Rule 202.2(g) of the Texas Rules of Civil Procedure. In making this argument, Cortez disregards Rules 202.3(a) and 202.2(f)(1). Building on the foundation of Rule 202.2(f)(1), Rule 202.3(a) requires service not just on the witness, but also, "if suit is anticipated, on all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit."

Johnston contends that, in mentioning the five judges at the hearing, Cortez identified them as potential defendants and, thus, should have been required to serve them with notice of the hearing to support a valid deposition order. We disagree.

A few judges were specifically identified by Cortez at the hearing as having been *mentioned* by Johnston in connection with his report or allegations against Cortez. At the hearing, Cortez's counsel testified in context about those judges:

> I know that a suit can be brought against Mr. Johnston. What I don't know is who these judges are who purportedly made these remarks to him because there would be pretty obvious liability on their part. And it is not my practice and should not be

5

the practice of any lawyer to sue people that should not properly be a litigant or defendant.

There are at least five judges mentioned in [Johnston's] e-mails, . . . including [five specifically named here,] who may be the sources, or there may be other judges who are the sources of this information.

I have tried to obtain information as to who those judges were, and I have been unable to do so. And without filing a 202 petition, I cannot obtain the information about those judges, and I do not want to file a lawsuit that would name these judges or identify or sue these judges or any of them without having obviously [sic] evidence to support my allegation.

The foregoing testimony never accuses any of the judges of being a source of defamatory material. It simply says that they were mentioned in Johnston's e-mails and speculates that they may or may not have been Johnston's sources. While the trial court might have been within its discretion had it found that the five judges were thus identified as "persons [Cortez] expects to have interests adverse to [Cortez's] in the anticipated suit" against Johnston, such is not the case here. It was certainly well within the trial court's discretion to have found that they were not so identified. *See* TEX. R. CIV. P. 202.2(f)(2).

Therefore, we conclude that Cortez's failure to serve notice of the hearing on the five mentioned judges does not support Johnston's requested mandamus relief.[3]

---

[3]In passing, we note an apparent defect in the underlying procedure, but which also does not support issuance of a writ of mandamus here. Rule 202.2(f)(2) requires—if suit is anticipated, but there are unknown potential defendants—that petitioner state that the names cannot be ascertained through diligent inquiry. Of course, here there were unknown potential parties Cortez seeks to identify through the deposition. Rule 202.3(b) provides that such "[u]nnamed persons who would be expected to have interests adverse to petitioner's in the anticipated suit" are to be served by publication by describing them in lieu of naming them. Those requirements were not met here, but such deficiency was not argued to the trial court as a reason to deny the deposition and is not argued to this Court as being a defect supporting the requested relief here. Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party

6

*(2)     The Trial Court Was Within Its Discretion in Finding that the Deposition Is Necessary to Avoid a Failure or Delay of Justice and that the Deposition's Benefits Outweigh Its Burdens*

The remaining arguments revolve around the application of Rule 202.4 of the Texas Rules of Civil Procedure.   The rule states that the court

> must order a deposition to be taken if, but only if, it finds that:
>
> (1)   allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or
>
> (2)   the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

In the order entered in this case, the trial court made the following findings:

> The Court finds that allowing Petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; the likely benefit of allowing the Petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

This language thus addresses both of the alternative justifications for such discovery that are

---

must first present its complaint to the trial court and obtain a ruling on that complaint in order to preserve the issue on appeal.  This requirement applies to mandamus proceedings.  *West v. Solito*, 563 S.W.2d 240, 244–45 (Tex. 1978) (orig. proceeding); *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding). As one court recognized in the mandamus context, "it would be hard to conclude, without circumstances that were highly unusual or that made a trial court's ruling void, that a trial court could abuse its discretion in making a ruling for a reason that was never presented to the court."  *In re Bank of Am.*, No. 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, orig. proceeding) (mem. op., not designated for publication).

Several courts of appeals have applied Rule 33.1 or its predecessor in original proceedings.  *See In re Polymerica, LLC*, 271 S.W.3d 442, 448 (Tex. App.—El Paso 2008, orig. proceeding); *In re Senior Living Props.*, *L.L.C.*, 63 S.W.3d 594, 598 (Tex. App.—Tyler 2002, orig. proceeding); *In re United Supermarkets, Inc.*, 36 S.W.3d 619, 622 (Tex. App.—Amarillo 2000, orig. proceeding); *Dallas Fire Ins. Co. v. Davis*, 893 S.W.2d 288, 293 (Tex. App.—Fort Worth 1995, orig. proceeding); *Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 109 (Tex. App.—Dallas 1992, orig. proceeding).  Whether Rule 33.1 applies directly or only by analogy is not the critical question:   the point is that a party seeking the extraordinary writ generally must have apprised the trial court of the arguments on which the party later bases its mandamus petition.  *See Bank of Am.,* 2003 WL 22310800, at *2.

7

specified by Rule 202.4(a).

As Johnston correctly notes, the petition claimed only that the deposition was to obtain testimony in an anticipated suit and that to justify a presuit deposition under that state of affairs, the record must show that granting such would "prevent a failure or delay of justice." He argues that no evidence supports such a finding. We disagree.[4]

One significant factor bears on the potential for a "failure or delay of justice" in this case. The statute of limitations on a defamation lawsuit against Johnston and others may very well run near the end of October 2010. Yet, it would appear that Cortez has been aware of Johnston's utterances since shortly after they were made and has not actively pursued the available relief to resolution until less than two months before the expiration of the statute of limitations. Any "emergency" in that respect appears to be of his own making. Further, given his knowledge as to Johnston, if Cortez believes he has a viable lawsuit against Johnston, he could file it today, thus obviating any concern over failure or delay of justice as to Johnston.

Other potential parties, beyond Johnston, pose a more sticky question and are the sole supporting reason provided by Cortez to support his need for a deposition. Cortez claims that he does not know their identities and seeks to determine such at the deposition. This factor would cut in favor of allowing the deposition to prevent a failure or delay of justice in the anticipated suit.

---

[4]There is no suggestion or proof in this case that could support this ruling based on a claim of any potential loss or destruction of evidence.

8

The second justification for application of the pre-suit deposition rule—in investigating unknown potential parties—is whether the "benefit" of ordering the deposition outweighs the "burden or expense" of the procedure. The trial court is in a better position than this Court to perform this balancing test. Plus, public policy favors discovery of information. *See Garcia v. Peeples*, 734 S.W.2d 343, 346–47 (Tex. 1987); *Am. Honda Motor Co. v. Dibrell*, 736 S.W.2d 257 (Tex. App.—Austin 1987, orig. proceeding).

Relator argues that Cortez should not be able to seek relief under this subsection because it was not pled and then that Cortez has failed to establish that the benefit of allowing the requested depositions outweighs the burden or expense of the procedure as required by Rule 202. *See In re Hewlett Packard*, 212 S.W.3d 356, 359 (Tex. App.—Austin 2006, orig. proceeding).

Counsel for Johnston specifically pointed out at the hearing that the only basis articulated by Cortez for the deposition was the "anticipated suit" portion of the rule. In response, Cortez's counsel acknowledged the applicability also of the second part of the rule—investigating unknown potential parties—and suggested that the burden would be light, as he was asking for only a single, hour-long deposition. It was within the trial court's discretion to find that the benefits described above outweighed the burden of one, hour-long deposition.

Under this state of the evidence on the arguments raised, we cannot conclude that the trial court acted outside the parameters of its authority, or without reference to the guiding principles of the rule at issue. Accordingly, we find no abuse of discretion.

9

We deny the petition for writ of mandamus and lift our stay of the deposition.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 7, 2010
Date Decided:      October 8, 2010