

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00005-CV

**IN RE COOPER TIRE & RUBBER COMPANY**

Original Mandamus Proceeding[1]

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: March 28, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The trial court signed a "Protective Order of Confidentiality" submitted by the plaintiffs below/real parties in interest here (hereinafter, the plaintiffs). Cooper Tire & Rubber Company, the relator, filed a petition for writ of mandamus complaining about the trial court's entry of the plaintiffs' order, as opposed to a proposed protective order submitted by Cooper Tire. We conditionally grant Cooper Tire's petition.

## BACKGROUND

The plaintiffs were involved in an automobile accident, which they contend was caused by the defective design and manufacture by Cooper Tire of the tires on the plaintiffs' vehicle. Plaintiffs allege the tires are Sierradial A/S Plus, size 265/75R16 tires. Plaintiffs served Cooper

---

[1] This proceeding arises out of Cause No. DC-16-306, styled *Juan Jose Salazar, et al. v. Delta Tire & Wheel, et al.*, pending in the 229th Judicial District Court, Duval County, Texas, the Honorable Jose Luis Garza presiding.

Tire with requests for admissions, interrogatories, and production of documents. Cooper Tire objected to the discovery based on the trade secret privilege. Both sides submitted proposed protective orders. After the parties attempted, but failed, to reach an agreement on the terms of the protective order, the trial court signed the protective order submitted by the plaintiffs. Cooper Tire filed a petition for writ of mandamus, to which the plaintiffs responded and Cooper Tire replied.

## THE PARTIES' ARGUMENTS

Cooper Tire asserts the protective order signed by the trial court fails to provide adequate protections to maintain the secrecy of its trade secrets and confidential information. More specifically, Cooper Tire contends the order allows plaintiffs to reveal Cooper Tire's confidential and trade secret information to any witness without a showing that the disclosure is relevant and necessary to a fair adjudication of plaintiffs' claims and even if that witness refuses to agree to maintain secrecy. Cooper Tire also asserts the order permits the wide-spread dissemination and use of its confidential information and trade secrets at the discretion of plaintiffs' counsel, without a showing of relevance and necessity. Finally, Cooper Tire complains about several "procedural traps" it contends make protecting its trade secrets more difficult.

The plaintiffs respond to each of these arguments in turn, but, as a preliminary matter, they also assert Cooper Tire has an adequate remedy via an interlocutory appeal, and the petition for writ of mandamus is not ripe for review because the trial court has not yet compelled discovery. We address the plaintiffs' preliminary arguments first.

## AVAILABILITY OF MANDAMUS RELIEF

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its

discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if the trial court clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). No adequate appellate remedy exists if a trial court orders a party to produce privileged trade secrets absent a showing of necessity. *In re Bass*, 113 S.W.3d 735, 745 (Tex. 2003) (orig. proceeding).

Cooper Tire asserts the trial court abused its discretion because the protective order (1) permits dissemination of protected materials to witnesses without a showing of necessity and who refuse to agree to be bound by the protective order, and (2) allows plaintiffs' attorneys to disseminate Cooper Tire's trade secrets to third parties who have not established a viable exception to the trade secret privilege.

The plaintiffs assert Cooper Tire has an adequate remedy through an interlocutory appeal via Texas Rule of Civil Procedure 76a, which sets the procedure for sealing court records. That section provides:

> Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order. The appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings.

TEX. R. CIV. P. 76a(8).

We do not agree with plaintiffs' argument that Cooper Tire may raise its complaints in an interlocutory appeal under Rule 76a(8) because this case involves the scope of a protective order and not a sealing order.

**RIPENESS**

Plaintiffs next assert this court does not have jurisdiction to consider the scope of the protective order because no discovery has yet been compelled. We disagree. Several appellate courts have considered the scope of protective orders. *See Garcia v. Peeples*, 734 S.W.2d 343, 345-47 (Tex. 1987) (orig. proceeding) (considering whether trial court abused its discretion by issuing the protective order, by failing to modify the order, and by not prohibiting GMC from enforcing several protective orders issued by courts in other states); *Am. Honda Motor Co., Inc. v. Dibrell*, 736 S.W.2d 257, 258 (Tex. App.—Austin 1987, orig. proceeding) ("In this mandamus proceeding, Honda requests this Court to order Judge Dibrell to vacate or modify his order to deny plaintiffs the right to disseminate discovered material to anyone not connected with this action or in the alternative to require the limitations requested by Honda in lieu of paragraph nine."); *In re State Farm Lloyds*, 09-03-311 CV, 2003 WL 22149155, at *1 (Tex. App.—Beaumont Sept. 18, 2003, orig. proceeding) (per curiam) (mem. op.) (relator asked appellate court "to vacate a protective order and to issue a different protective order that restricts the use and disclosure of certain privileged documents to the specific case before the trial court"); *see also In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 613 (Tex. 1998) (orig. proceeding) ("The issue there was not whether trade secret documents should be produced, but rather the scope of the protective order accompanying the production.").

Therefore, we conclude this court is not required to wait for the trial court to compel discovery before determining whether this protective order adequately protects the information sought. Accordingly, we next address Cooper Tire's arguments.

**PLAINTIFFS' BURDEN TO PROVE NECESSITY**

Cooper Tire argues the trial court's protective order allows the plaintiffs to obtain trade secret information without satisfying their burden as set forth in *Continental General Tire*. Cooper

Tire contends it "has been willing to agree that disclosure is relevant and necessary as to certain persons, but Plaintiffs wish to expand that group." Cooper Tire appears to argue that a party seeking disclosure of trade secrets must satisfy their burden on a witness-by-witness basis.

Texas Rule of Evidence 507 provides a privilege entitling a party to refuse to disclose its trade secrets "if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." TEX. R. EVID. 507(a); *Cont'l Gen. Tire*, 979 S.W.2d at 610. Under Rule 507, the party resisting discovery of trade secrets must first establish the information sought constitutes a trade secret. *Cont'l Gen. Tire*, 979 S.W.2d at 610, 613. Once the party resisting discovery establishes the information is a trade secret, the burden shifts to the requesting party to establish the information is "necessary for a fair adjudication of its claims." *Id.* If the requesting party meets that burden, the court should compel disclosure of the information subject to an appropriate protective order. *Id.* at 613. However, "[t]hat a trial court has ordered the parties to enter into a protective order with respect to trade secret information does not dispense with the requesting party's burden to establish the necessity for the discovery of the trade secret information to fairly adjudicate a claim or defense." *In re Hewlett Packard*, 212 S.W.3d 356, 364 (Tex. App.—Austin 2006, orig. proceeding).

Cooper Tire contends the protective order in this case allows plaintiffs' attorney to bypass the above test for all witnesses plaintiffs choose to designate. According to Cooper Tire, the plaintiffs in this case must "demonstrate with specificity exactly how the lack of the information will impair the presentation of the case on the merits to the point that an unjust result is a real, rather than a merely possible threat."[2] *See In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding). We do not interpret the order as allowing the plaintiffs to

---

[2] Cooper Tire makes the same complaint regarding the sharing of its trade secrets with non-parties, which we address later in this opinion.

automatically obtain documents designated as trade secrets. The protective order contains two provisions: (1) a "Designation" provision that states how a party may designate a document or a portion of a document as a "Protectible Document," and (2) a "Challenge Designation" provision that sets forth how a party may challenge the other party's designation.

The "Challenge Designation" section places the burden on the parties to resolve a dispute over how a document is designated or obtain a ruling from the trial court resolving the dispute. But, the burden to obtain a court ruling in the absence of an agreement is placed on the party seeking confidential treatment of its material. Pursuant to the protective order, that party bears the burden to show "good cause" exists "for confidential treatment pursuant to" Federal Rule of Civil Procedure 26(c). In other words, here, Cooper Tire bears the burden to obtain a hearing and show "good cause" under Federal Rule 26(c) if the plaintiffs challenge Cooper Tire's designation. However, the order does not place any burden on the plaintiffs as the party seeking disclosure, nor does the order expressly state the shifting burdens annunciated in *Continental General Tire*. Nevertheless, although the protective order neither expressly places a burden on the plaintiffs who seek disclosure nor requires application of the *Continental General Tire* test, it does not expressly allow plaintiffs to automatically obtain documents designated as trade secrets.

We conclude that, although the protective order does not expressly state the *Continental General Tire* test, the order does not—as argued by Cooper Tire—allow plaintiffs to obtain protected documents without meeting their *Continental General Tire* burden. In other words, if relator objects to disclosing protected documents, all parties must satisfy their burden at a later hearing before the trial court. *See Hewlett Packard*, 212 S.W.3d at 364 (holding, "[t]hat a trial court has ordered the parties to enter into a protective order with respect to trade secret information does not dispense with the requesting party's burden to establish the necessity for the discovery of the trade secret information to fairly adjudicate a claim or defense.").

## DISSEMINATION OF PROTECTED DOCUMENTS

In somewhat related complaints, Cooper Tire argues the protective order allows for dissemination of its trade secrets to an unlimited number of people who need not satisfy the necessity test, and allows witnesses to obtain its trade secrets without agreeing to abide by the terms of the order.

**A.      Permitted Disclosures**

Cooper Tire's first complaint involves the people to whom disclosure is permitted.  The protective order states as follows:

> 7.  Permitted Disclosures
>
> Confidential Material may be shown, disseminated, or disclosed only to the following persons:
> (a) all attorneys of record for the parties in this case, including members of their respective law firms, and any other attorney associated to assist in the preparation of this case for trial;
> (b) all employees of parties' counsel assisting in the preparation of this case for trial;
> (c) experts and consultants retained by the parties for the preparation or trial of this case;
> (d) translators retained by the parties for the preparation or trial of this case;
> (e) the court, its staff, **witnesses**, and the jury in this case, or in other present or future cases in any court in the United States against the producing party alleging claims involving allegations of tread separations in Delta Sierradial A/S Plus tires manufactured by Cooper Tire & Rubber Company; [Emphasis added.]
> (f) any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States against the producing party alleging claims involving allegations of tread separations in Delta Sierradial A/S Plus tires manufactured by Cooper Tire & Rubber Company; and
> (g) employees of the producing party.

Cooper Tire contends the order allows an unlimited category of people—all witnesses—to have access to its trade secrets, and it does so without demonstrating with specificity why these unidentified persons have a need to review Cooper Tire's trade secrets.  Again, Cooper Tire argues this violates *Continental General Tire*.  Cooper Tire appears to argue that for every witness to whom plaintiffs wish to show the trade secrets, plaintiffs must establish whether that witness needs

the information for the fair adjudication of the case. However, the two cases on which Cooper Tire relies do not support its argument that each individual witness must establish his/her need for the information.

Cooper Tire first cites to *Bridgestone/Firestone*, 106 S.W.3d at 731-32, in which the trial court ordered that the information be provided only to three attorneys and one expert. Firestone then sought mandamus relief. The Texas Supreme Court held, "a party seeking such information cannot merely assert unfairness but must demonstrate with specificity exactly how the lack of the information will impair the presentation of the case on the merits to the point that an unjust result is a real, rather than a merely possible, threat." 106 S.W.3d at 733. The Court was not stating a witness-by-witness standard; instead, the Court was stating what the party seeking information had to show to obtain trade secret information.

Cooper Tire also cites to *Continental General Tire*, 979 S.W.2d at 613, n.3, in which the trial court limited access to the parties in the lawsuit, their lawyers, consultants, investigators, experts, and other necessary persons employed by counsel to assist in the preparation and trial of the case. Each person given access to the documents had to agree in writing to keep the information confidential, and all documents had to be returned to Continental at the conclusion of the case. The issue before the Court was not whether each individual person had to show he or she needed the information before being given access. Instead, the issue was whether the plaintiffs needed the information for a fair adjudication of their claims. 979 S.W.2d at 613. The Court held that, "[i]f the requesting party meets this burden, the trial court should ordinarily compel disclosure of the information, subject to an appropriate protective order." *Id.* By way of an example, the Court noted in a footnote:

> In this case, for example, the trial court limited access to the information to the
> parties in this lawsuit, their lawyers, consultants, investigators, experts and other
> necessary persons employed by counsel to assist in the preparation and trial of this

case. Each person who is given access to the documents must agree in writing to keep the information confidential, and all documents must be returned to Continental at the conclusion of the case.

*Id.* at 613, n.3.

Neither of the cases relied on by Cooper Tire held the necessity test had to be satisfied on a witness-by-witness basis. We therefore hold the "necessary to a fair adjudication" test is not applied on a witness-by-witness basis. Instead, the party seeking to discover a trade secret must make a particularized showing that the information is necessary to the proof of one or more material elements of the claim and it is reasonable to conclude that the information sought is essential to a fair resolution of the lawsuit. *See Bridgestone/Firestone*, 106 S.W.3d at 732-33; *Cont'l Gen. Tire*, 979 S.W.2d at 613.

## B. Agreement Not to Disclose

Cooper Tire also complains that witnesses may refuse to sign an agreement to abide by the terms of the protective order. The protective order provides the following safeguards:

8. Agreement by Disclosures

Before being given access to Confidential Material, each person described in paragraphs 7(a), (b), (c), (d), (f) or (g) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court.

A deponent who refuses to sign the attached Exhibit A will be advised before the start of his or her deposition the following terms of this Order:

"A witness who fails to agree to the terms of this Protective Order and who does not sign the attached Exhibit A, will after the conclusion of the deposition, not be provided access to any of the exhibits to the deposition which are designated Confidential in this matter.

Further, a witness who fails to sign the attached Exhibit A may only be permitted to keep a redacted copy of his or her deposition, which omits any portions of the transcript that are designated Confidential in this matter.

> A witness who refuses to sign the attached Exhibit A, but who wishes to read and sign the transcript of his or her deposition, will, if any Confidential documents were utilized in the course of the deposition, be required to conduct such review of the transcript in its electronic form, viewed at the office of the court reporter, so that the witness is not permitted to possess a copy of his or her testimony."

Nothing in this Order prevents any party from asking any witness to sign this protective order prior to the date of their deposition.

Nothing in this order prevents any party from seeking a hearing prior to the date of the deposition of any witness (a) if the witness fails to sign the protective order, or (2) if additional reasonable protections or restrictions are desired with regard to any deponent.

Cooper Tires contends the above language allows the plaintiffs to argue that their experts may refuse to sign the agreement because their experts are also "witnesses." Cooper Tire contends "[i]t does not protect Cooper's trade secrets to provide them to a witness and then take them away after the witness has reviewed, studied, and analyzed them." However, Cooper Tire's argument ignores the final paragraph of this section of the protective order, which states: "Nothing in this order prevents any party from seeking a hearing prior to the date of the deposition of any witness (a) if the witness fails to sign the protective order, or (2) if additional reasonable protections or restrictions are desired with regard to any deponent." Therefore, we conclude the order builds in a safeguard that allows Cooper Tire to object prior to a deposition if any witness, including an expert, refuses to agree in writing to the terms of the protective order.

## SHARING PROVISIONS

Cooper Tire asserts the protective order contains a sharing provision that does not require the recipients of its trade secrets to satisfy Texas law regarding preservation of the trade secret privilege, and (2) allows sharing of confidential materials relating to the subject tires with other non-parties without any showing that all similarly branded tires are substantially similar to the subject tires in design and manufacture. The protective order contains the following provisions:

4.  Use of Confidential Material Limited

Confidential Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as confidential and used (l) by counsel in this case solely for the litigation of this case or (2) *by counsel in other actions* involving allegations of tread separations in Delta Sierradial A/S Plus tires manufactured by Cooper Tire & Rubber Company, solely for the litigation of such similar actions.  [Emphasis added.]

7.  Permitted Disclosures

Confidential Material may be shown, disseminated, or disclosed only to the following persons:
. . .
(e) the court, its staff, witnesses, and the jury in this case, *or in other present or future cases in any court in the United States* against the producing party alleging claims involving allegations of tread separations in Delta Sierradial A/S Plus tires manufactured by Cooper Tire & Rubber Company;
(f) *any attorney, expert, or consultant representing a party in other present or future cases in any court in the United States* against the producing party alleging claims involving allegations of tread separations in Delta Sierradial A/S Plus tires manufactured by Cooper Tire & Rubber Company . . . .  [Emphasis added.]

In support of these provisions, the plaintiffs rely on *Garcia v. Peeples*, 734 S.W.2d 343, 346 (Tex. 1987), in which Garcia argued the terms of the protective order constituted an abuse of discretion because they prevented him from sharing with non-parties the information he secured from discovery.  Garcia sought to exchange the discovery information with other persons involved in similar suits against automakers.  He argued allowing information exchanges between similarly situated litigants would enhance full disclosure and efficiency in the trial system.  *Id.* at 346-47. The Supreme Court held:

Shared discovery is an effective means to insure full and fair disclosure. Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses.

In addition to making discovery more truthful, shared discovery makes the system itself more efficient. The current discovery process forces similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical. Benefiting from restrictions on

discovery, one party facing a number of adversaries can require his opponents to duplicate another's discovery efforts, even though the opponents share similar discovery needs and will litigate similar issues.

*Id.* at 347.

Cooper Tire contends this language in *Garcia* is mere dicta, and *Garcia* has been superseded by *Continental General Tire*. However, *Continental General Tire* did not consider a sharing provision and did not expressly supersede *Garcia*. The *Continental General Tire* Court noted, "*Garcia* likewise does not speak to the scope of Rule 507. The issue there was not whether trade secret documents should be produced, but rather the scope of the protective order accompanying the production." 979 S.W.2d at 613; *see also Idar v. Cooper Tire & Rubber Co.*, C-10-217, 2011 WL 688871, at *2-3 (S.D. Tex. Feb. 17, 2011) (noting same).[3]

Although the *Garcia* Court held the trial court abused its discretion by issuing an overly broad protective order, it did so, in part, because "[t]here [was] no indication from GMC's affidavits in support of the motion, nor [was] there any reason to believe, that GMC [would] be harmed by the release of this information to other litigants." *Id.* at 348. The Court held the trial court should have balanced the parties' "competing needs and rendered an order preventing dissemination of GMC's true trade secrets only to GMC's competitors." *Id.* "Out of an abundance of caution, the trial court, after determining which documents are true trade secrets, can require those wishing to share the discovered material to certify that they will not release it to competitors or others who would exploit it for their own economic gain. Such an order would guard GMC's proprietary information, while promoting efficiency in the trial process." *Id.* The Court also noted

---

[3] The *Idar* court noted, *Continental General Tire* "did not overrule *Garcia*. Rather, the Court suggested *Garcia*'s holding regarding the scope of an appropriate protective order accompanying production of trade secrets was still sound law. . . . The Texas Supreme Court's holding in *In re Continental* merely clarifies the steps a court must take in deciding whether to compel discovery of trade secrets. While it indicates that a protective order limiting access to discovered information to parties in the present lawsuit might be appropriate, . . . it does not explicitly address the scope of an appropriate protective order once discovery is compelled and does not overrule *Garcia's* holding that a protective order allowing shared discovery is an effective and appropriate means to balance relevant interests."

GMC's proprietary information was several years old. The Court acknowledged federal courts have dealt with protective orders involving "stale" information, and encouraged "Texas courts [to] follow their example in drafting protective orders to take into account the age, usefulness, and ease by which competitors could gain access to the information without an anti-dissemination order." *Id*. at 348, n.3.

We conclude *Garcia* is still good law but is limited by *Continental General Tire*. We agree with Cooper Tire's arguments that the protective order here is not narrowly tailored because (1) it does not require the "other present or future cases" recipients to satisfy the necessity test and be bound by the protective order; (2) it does not prevent dissemination of Cooper Tire's true trade secrets to its competitors; and (3) it does not require "those wishing to share the discovered material to certify that they will not release it to competitors or others who would exploit it for their own economic gain."[4] *See Garcia*, 734 S.W.2d at 348. Therefore, we hold the sharing provision must be more limited in scope.

## PROCEDURAL PROTECTIONS AND TRAPS

In addition to the above substantive complaints about the protective order, Cooper Tire contends the order lacks procedural protections. First, Cooper Tire contends the following provision of the order creates "an unfairly short time crunch" for designating deposition testimony as confidential:

> A party may, on the record of a deposition or by written notice to opposing counsel not later than seventy-two hours after receipt of the deposition transcript, designate any portion(s) of the deposition as "CONFIDENTIAL" based on a good faith determination that any portions so designated constitute a Protectible Document. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL." Until expiration of the above seventy-two-hour period, all deposition transcripts and information therein will be deemed "Confidential Material."

---

[4] Here, Cooper Tire attached an affidavit to its motion for entry of a protective order stating its reasons for protecting its trade secrets and the harm that might result if those secrets were improperly disseminated.

Although a longer time period may, as urged by Cooper Tire, allow for a more careful and complete review, nothing in the trial court's order prevents Cooper Tire, or the plaintiffs, from requesting additional time.

Cooper Tire also contends the following provision requires it to obtain "serial protective orders" every time plaintiffs elect to file its trade secrets:

> Confidential Materials, when filed with the Court, shall be filed under seal. Documents filed under seal in this manner will remain under seal for fourteen days, at which time the seal will be automatically lifted, subject to the following procedure: Within five days of the filing under seal, the party who has designated the sealed document(s) confidential may file a motion requesting that the Court continue to maintain the filing under seal. Any party or intervenor opposing that request shall have five days to respond in writing. When this procedure is invoked, the seal will not be automatically lifted but will remain in effect until further order of the Court.

Other than posing a possible inconvenience, Cooper Tire's complaint does not explain how this provision of the protective order amounts to an abuse of discretion.

Cooper Tire next contends the process for challenging a designation does not require plaintiffs to explain the basis for their challenge or alters the standard for granting an exception to the trade secret privilege by referencing the federal "good cause" standard. However, as we have already held, if a party objects to disclosing protected documents, all parties must satisfy their burden under *Continental General Tire* at a later hearing before the trial court.

Finally, Cooper Tire contends the order does not provide for "the unambiguous return of all of the materials" or provide for the secure storage of the materials. Contrary to Cooper Tire's first contention, the order requires counsel of record to ensure that "any person . . . who has received copies of Confidential Materials . . . destroys such Confidential Materials or returns such Confidential Materials to counsel of record for the producing party." As to Cooper Tire's complaint regarding storage of any Confidential Material, the order does not contain any provisions regarding the storage of such material during the pendency of the case. However,

Cooper Tire does not explain how the lack of such a provision amounts to an abuse of discretion, nor does any party contend the order cannot or should not be amended to include such safeguards.

## CONCLUSION

For the reasons stated above, we conditionally grant Cooper Tire's petition for writ of mandamus and order the trial court to amend, within fifteen days, those provisions of its "Protective Order of Confidentiality" that allow the sharing of Cooper Tire's trade secrets to protect those trade secrets in a manner consistent with *Garcia v. Peeples* as limited by *In re Continental General Tire*. The writ of mandamus will issue only if the trial court fails to comply within fifteen days from the date of our opinion and order.

Patricia O. Alvarez, Justice