**DENY and Opinion Filed December 2, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01279-CV

## IN RE LE THI PHO CONRY, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF21-14764**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Nowell

An apparent error by the trial court coordinator caused relator Le Thi Pho Conry to miss a trial setting in her divorce suit, and the trial court rendered a default judgment. On Conry's motion, the trial court granted a new trial, but at the same time, it assessed her $6,094 in attorney's fees as a sanction. Conry seeks mandamus relief from the sanction and moves for temporary relief.

"Mandamus relief is warranted when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal." *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (orig. proceeding). "[W]hen a trial court imposes monetary sanctions, the party generally has an adequate remedy by appeal after final

judgment." *In re Daugherty*, No. 05-18-00290-CV, 2018 WL 3031658, at *4 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (mem. op.). An exception to this rule exists: "If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal." *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991).

However, to prevail under this exception, a litigant must assert and prove that a monetary sanction will preclude her access to the court. *In re Duncan*, No. 05-18-00674-CV, 2018 WL 3301600, at *1 (Tex. App.—Dallas July 5, 2018, orig. proceeding) (mem. op.); *Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex. App.—Dallas 1992, no writ). Conry did not contend in her mandamus petition that the sanction affects her willingness or ability to proceed. *See, e.g.*, *In re United Med. Ctrs., P.A.*, No. 04-18-00257-CV, 2018 WL 2418447, at *1 (Tex. App.—San Antonio May 30, 2018, orig. proceeding) (per curiam) (mem. op.) (denying mandamus relief on this basis). Moreover, there is no mandamus record to show that such a contention was made—let alone proved—in the trial court. *See* TEX. R. APP. P. 52.7; *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding). Finally, even if Conry had supplied a mandamus record to substantiate the assertions in her petition, a $6,094 sanction would not put the economics of Conry's case in jeopardy under the facts alleged here. *See, e.g.*, *In re Supportkids,*

–2–

*Inc.*, 124 S.W.3d 804, 808–09 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (concluding there was an adequate remedy by appeal for a sanction of $10,000 in attorney's fees).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).  We deny relator's motion for stay as moot.

221279f.p05

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE