**Opinion issued August 3, 2023**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-22-00341-CV

————————————

**IN RE JOSEPH F. RADLER III, THE DICK LAW FIRM, PLLC, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relators Joseph F. Radler III, and the Dick Law Firm, PLLC[1] filed a petition

for writ of mandamus challenging the trial court's February 7, 2022 order imposing

sanctions against relator Joseph Radler for $5,125.63 in attorney's fees, and

ordering certain payments due before trial. On August 31, 2022, real parties filed a

letter attaching a take-nothing judgment entered by the trial court on August 22,

---

[1]     The underlying case is *Robert Rojas v. State Farm Mutual Automobile Insurance Company*, cause number 1143116, pending in the County Civil Court at Law No. 3 of Harris County, Texas, the Honorable LaShawn Williams presiding.

2022. On January 10, 2023, real parties in interest filed a motion to dismiss this petition for writ of mandamus as moot because the trial court signed a final judgment on August 22, 2022. Relators filed a response to the motion to dismiss opposing dismissal because they would like this Court's "thoughtfully considered ruling in this mandamus for use in the prosecution of their appeal."

To be entitled to mandamus relief, a relator must show two requirements: (1) that the trial court abused its discretion, and (2) no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). An order of sanctions, including an award of attorney's fees, are subject to review on appeal from a final judgment. *See Susman Godfrey, L.L.P. v. Marshall*, 832 S.W.2d 105, 108 (Tex. App.—Dallas 1992, no writ). Although no final judgment had been entered at the time relators filed this petition, there is a final, appealable judgment now and relators may seek review of the sanctions order in the appeal from the final judgment. Because relators have an adequate remedy by appeal, they are unable to show entitlement to mandamus relief.

We deny the petition. *See* TEX. R. APP. P. 52.8. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.